THOMAS *v.* FRED W. AMEND COMPANY *et al.*

ATKINSON, Justice. 1. The court did not err in denying the motion to recommit the report of the auditor, for any reason assigned.

(a) The record discloses that as a matter of fact the auditor took oath before a notary public at the time of his appointment, and before hearing the case, and any irregularity in reference to the oath was corrected when the judge of the superior court ordered that a copy of the oath which the auditor swore he had taken be established in lieu of the original.

(b) The second ground alleges that one of the attorneys representing the opposite parties informed the movant "within the last thirty days," that a coparty defendant of movant was dead; but it is not shown that the alleged death occurred during the period the auditor had the case under consideration and before he made his report, nor is any reason given why the death of the coparty, if true, would change the report of the auditor, nor was any proof offered or admission made that as a matter of fact the party was dead. This ground is without merit.

(c) If it were to be assumed that it does not appear that the auditor completed his report, as complained of in the third ground of the motion to

recommit, in that he did not find that a named person acted as "attorney" or "agent" for the plaintiff, this does not show that the defendants were injured thereby, or that such failure would require a different report by the auditor.

(d) Nor is there any merit in the fourth ground of the motion to recommit, which alleges that the auditor failed to find whether or not the attorneys for plaintiffs were negligent in keeping up with the attachment case. The petition alleged that the attorneys had been diligent; and the finding of the auditor that the material allegations of the petition had been substantially proved was necessarily a finding that the attorneys had not been negligent.

2. "When the issues of both law and fact in an equity cause are referred to an auditor," he "takes the place of the jury and the judge, and is pro hac vice the chancellor. To his report exceptions can be filed, to be separately classified as exceptions of law and exceptions of fact." Code, § 10-301; *Wiley* v. *Sparta*, 154 *Ga.* 1, 23 (114 S. E. 45, 25 A. L. R. 1342); *Lefkoff* v. *Sicro*, 193 *Ga.* 292 (18 S. E. 2d, 464). "In an equity case, if the judge refuses to approve an exception to a finding of fact by the auditor, his ruling will not be disturbed unless there be no evidence to support the finding." *Fitzpatrick* v. *Massee-Felton Lumber Co.*, 188 *Ga.* 80 (3 S. E. 2d, 91); *Regal Textile Co.* v. *Feil*, 189 *Ga.* 581 (4) (6 S. E. 2d, 908).

(a) Defendants excepted to paragraph 46 of the findings of fact of the auditor: "The evidence submitted on the hearing before the auditor is substantially the same as the evidence submitted to the court at the time the interlocutory injunction was granted (which judgment was affirmed by the Supreme Court, 184 *Ga.* 432 [191 S. E. 696], and is substantially the same as the evidence submitted to the court at the time the general demurrer of the defendants was overruled (which judgment was affirmed by the Supreme Court, 189 *Ga.* 654 [7 S. E. 2d, 258])." After assigning error on the grounds that the above finding was (1) contrary to the evidence and without evidence to support it, and (2) decidedly and strongly against the weight of the evidence, several excerpts from the evidence were set forth, which the exceptor alleged showed ample evidence before the auditor which demanded a finding of fact that the attorneys for defendant in the attachment case "knew or should, in law and equity, have known all about the status of such case."

(b) Applying the ruling announced above, when the judge disapproved the exception of fact which ruling was supported by evidence the finding of the auditor in the equitable case became conclusive, and the judge's ruling in disallowing the exception will not be disturbed.

3. The first finding of law by the auditor: "The prior judgments of the court granting the interlocutory injunction, overruling the general demurrers interposed by the defendants, and denying the defendants' motion to vacate the temporary injunction, each of which judgments were affirmed by the Supreme Court, have become the law of the case," is not erroneous on the grounds; (1) it is an incorrect statement of the "law of the case," because the two decisions referred to simply hold that as against a general demurrer the petition stated a cause of action in equity, and under the evidence introduced at the interlocutory hearing

the grant of the temporary restraining order was not·error; (2) it is not·based on any facts found by the auditor; (3) it is a misconstruction and an "erroneous conclusion that there could be no final trial on the evidence."

4. The second finding of law: "The auditor having found, as a matter of fact, that the evidence submitted at the times said judgments were rendered, on which said judgments are based, is substantially the same as the evidence introduced on the hearing before the auditor, it follows that plaintiffs are entitled to the relief prayed for," is not erroneous ·on the grounds that (1) such finding is an incorrect conclusion of the law applicable to the case; (2) is contrary to law; (3) is contrary to equity; (4) and that as no facts were found as to defendants in the attachment suit being guilty of negligence or clear of fault or negligence, this finding of law is not based on any pertinent or material finding of fact, and should be reversed.

5. The third finding of law: "A decree should be entered setting aside and cancelling" the default judgments and verdict in the attachment case, is not erroneous on the ground that the finding is incorrect and contrary to law and equity, and is not applicable to the case, because the auditor found no facts upon which to base such finding of law.

6. The fourth finding of law: "Upon the verdict and several judgments being set aside, there will be no necessity for further injunctive relief," is not erroneous on the ground that the verdict and several judgments should not be set aside, and for same to so be would be contrary to law, and same is not based on any fact found by the auditor, and is not applicable to the auditor's finding of fact, for the reason that the auditor did not find any material fact as to the merits of the case, involving whether or not the plaintiffs or their attorneys were negligent or at fault in the premises of the attachment case.

7. On the essential issue as to whether the attorneys for the defendant in attachment were misled as a result of a mistake of the clerk in failing properly to number and docket the attachment case: The auditor to whom the case was referred made findings that "the clerk of the superior court did not docket said attachment proceeding as a new case, nor did he enter the same on the docket where other suits were filed. . . The clerk . . did not give to said attachment proceeding a number such as would have been given to a suit filed to the July term. . . The attorney actively representing the defendant in attachment. went to the office of the clerk . . and searched the suit index for the attachment proceeding, and the only case . . on the index at that time was the common-law action. . . Counsel for the plaintiff in attachment did not . . call to the court's attention the fact the attachment proceeding had been docketed by the clerk with the common-law action." There was evidence to support the above findings, and the court did not err in approving the auditor's report, which found generally in favor of the plaintiffs in the equity case; and in entering a decree in favor of the plaintiff.    *Judgment affirmed. All the Justices concur.*

No. 14554.  June 12, 1943.  Rehearing denied July 9, 1943.

*William A. Thomas,* for plaintiff in error.
*Neely, Marshall & Greene,* contra.