## 37522. CARMICHAEL v. CARMICHAEL.

MARSHALL, Justice.
This is the first appeal to this court in which collateral issues of alimony, child support, and property division were submitted to an auditor in a divorce proceeding. See Code Title 10, Auditors.
After the appellee-wife obtained a divorce decree, the remaining issues of alimony and child support were referred to an auditor under the provisions of Code Title 10 with agreement of both parties. When the auditor's report was filed, counsel for the appellant-husband, having been informed that exceptions of fact thereto would be filed

by the wife, had the trial court place the case on an expedited jury trial calendar.

On the day of and prior to the trial, the wife filed timely "exceptions of fact" to the auditor's report. The husband filed no exceptions to the report, but objected to the form and substance of the wife's exceptions, contending that they presented no exception to a factual finding, hence no jury issue under Code § 10-402. He argued that they were actually exceptions of law, which the judge should consider under Code § 10-401, and that the case should be recommitted to the auditor pursuant to the provisions of Code § 10-305 for consideration of certain items of evidence which the wife's exceptions alleged the auditor had failed to consider.

Counsel for the wife informed the judge that a literal interpretation of the statutes involved might require the issues to be resubmitted to the auditor before trial, and that, if such is required, he requested opportunity to perfect his exceptions, the statutory time not having expired. The judge ruled that the husband had requested and stipulated the case for jury trial on whatever issues were raised by the wife's exceptions, and the case was submitted to the jury on the limited issue of whether the wife should have title to the marital home and 20.53 acres of surrounding land in addition to the other provisions found by the auditor. The jury found for the wife on this single issue. The trial judge entered an order making the findings of the auditor the judgment of the court, and adding thereto the home and 20.53 surrounding acres. The husband's application to appeal was granted. Code Ann. § 6-701.1.

1. The appellant-husband enumerates as error on several grounds the submitting to the jury of the issues raised by the wife's exceptions.

(a) The appellant fails to show in what manner "policy considerations and the necessity for swift, inexpensive and final adjudication of disputes" would be better served by limiting exceptions solely to the auditor's findings of *fact,* rather than of fact and law, as provided by the Auditors Statute. The trial judge in this case expressly recognized the efficiency of the scheme as set forth in Code Title 10, as having minimized the time and expense of courtroom proceedings.

(b) The wife was not accorded the "full right of separate jury trial," as the husband contends, but rather the limited determination of issues which the trial judge, in his discretion under Code § 10-402, deemed to have been raised by her exceptions.

(c) The husband argues that the wife's exceptions were not directed to findings of fact made by the auditor, but rather to his failure to "consider" certain evidence, and that, assuming that action

by the wife was necessary, her proper course of action was either argument to the trial judge concerning the auditor's conclusions of law or a motion for recommittal to the auditor for additional or modified findings of fact and conclusions of law.

Code § 10-305 provides: "For indefiniteness, omissions, errors of calculation, failure to report evidence, errors of law, or other proper cause, the judge *may* recommit the report for such further action as may be proper. In such cases the evidence shall be confined to such issues as the judge, in the order of recommitment, may indicate; or if ordered to be taken de novo, the parties may agree as to what portion of the original report shall be retained in lieu of reintroduction." (Emphasis supplied.) The question of recommitting an auditor's report for corrective action is a matter of discretion for the judge. He may do so on his own motion in appropriate situations, or he may recommit on the motion of either party, or the parties may — by their actions or inactions — waive the remedy of recommittal. See generally the discussion on the recommittal process in 2 EGL 420, Auditors, § 16 (1976 Rev.) and cits.

In our view, recommittal would have been appropriate in this case under the wife's exceptions pointing out the auditor's omissions, i.e., failure to consider certain evidence and make findings thereon. Under the liberalized standards as to the sufficiency of pleadings provided in our Civil Practice Act, there is precedent for treating the wife's exceptions as a motion for recommittal. Code Ann. § 81A-181 (Ga. L. 1968, pp. 1104, 1109); *Roberts v. Farmer,* 127 Ga. App. 237, 241 (5) (193 SE2d 216) (1972). Furthermore, the husband moved for recommittal, or at least pointed out to the trial judge the need therefor. Finally, the judge could have recommitted the case on his own motion.

In spite of the advisability of and authority for recommittal in this case, however, we are not prepared to hold that it was reversible error not to recommit under the circumstances. The statute makes it discretionary with the judge whether to recommit and, if so, to what extent. Although the Auditors Statute contemplates that the auditor's report shall be a complete disposition of all legal and factual issues which is final (subject to specified review), nevertheless, the superior court judge has inherent power to control the course of the trial, especially in equity cases. See *Shaw v. Miller,* 215 Ga. 413 (1c) (110 SE2d 759) (1959). Under this power, the judge was authorized to utilize the jury (trial by which is a right by demand under the divorce statute, Code § 30-101). (This is true whether or not the husband be deemed to have waived objections to the exceptions by his premature jury request prior to the filing of the exceptions.) Although, in the process of submitting these issues to the jury, the trial judge may have

given them certain *legal* issues which were technically within his jurisdiction, he nevertheless retained the ultimate adjudication of these upon the molding of the judgment based upon the report as modified. "Recommittal for rulings of law, if required at all, are [sic] within the sound discretion of the trial court and that discretion will not be disturbed unless abused." *Walls v. Savage,* 243 Ga. 198, 205 (11) (253 SE2d 183) (1979).

By so holding, we do not imply that the "hybrid" practice used in this case was the better practice, but merely hold that it was not harmful error per se under these circumstances.

2. The husband next urges that, recommittal not having been requested by the wife nor ordered on the judge's own motion, and no proper exceptions to the auditor's findings of fact having been filed, the wife has waived recommittal and the trial judge should have entered verdict and judgment based upon the auditor's report as filed. While this position may be technically correct solely under the Auditors Statute, it fails to take into account the other factors involved, such as the interrelationship of the Civil Practice Act, the novelty of the use of the Auditors Statute in a divorce case, and the need to do more complete justice under the circumstances above described.

3. The form of the verdict submitted to the jury was as follows: "We, the jury, find against the exceptions filed to the auditor's report" or "We, the jury, find for the exceptions filed to the auditor's report in that we find the plaintiff is entitled to the following property not included in the award of the auditor: (list the property)." The husband contends that it was error to require the jury to either (1) sustain the auditor's report or (2) sustain the exceptions to the report *and* award additional property to the wife. He argues that it was for the court to determine whether the auditor's conclusions of law are correct and, should an exception to a finding of fact be sustained, it is for the court (or the auditor upon recommittal) to determine whether such changed fact modifies the conclusion of law. He points out that the sustaining of an exception of fact will not necessarily result in a modification of the auditor's conclusions or modification in a particular manner, so as to require the award of additional property. He also points out that Code § 10-406 requires the jury to "find for or against each exception submitted, *seriatim.*" (Emphasis supplied.)

While the form of the verdict used, did not list each exception "seriatim," it did permit the jury to find against all of them (in effect upholding the auditor's report) or find for certain ones, in which case the jury was required to specify the property to which the wife would be entitled. Under Code § 10-406, supra, "only so much of the

evidence reported or is material and pertinent to the *issue then on trial"* need go to the jury. The issue submitted to the jury was to what additional property, if any, the wife was entitled. The verdict form submitted, sufficiently conveyed this issue. Furthermore, the judge, as the overseer of the trial, could adjust his judgment to the findings of the auditor and the jury.

4. The husband enumerates as error the charging of the jury on the issue of alimony solely, when the only issue contended to be before the court was equitable division of property. See *Stokes v. Stokes,* 246 Ga. 765 (3) (273 SE2d 169) (1980) and cits. However, the appellant cannot complain on appeal where he specifically informed the judge at the conclusion of the charge that he had no exceptions to the charge on the law.

5. The husband next enumerates as error the trial judge's allegedly preventing him from introducing evidence of the wife's ability to retire a certain indebtedness, which he contends bears directly upon the division-of-property questions presented and the ability of the husband to perform according to the conclusions of the auditor, as may have been modified by the jury. This objection is without merit. Under Code § 10-404, "[i]n all cases where exceptions of facts are submitted to the jury, the same shall be determined upon the testimony reported by the auditor, except that admissible material evidence introduced and not reported, and evidence improperly excluded, shall be submitted to the jury, and all in-admissible evidence shall be excluded from their consideration." Under § 10-405, new testimony shall not be considered except as to newly discovered evidence.

Here, the appellant had waived the rule for reading the transcript from the auditor's hearing to the jury, and desired to have the parties testify before the jury, confining the questions and testimony to the transcript, and cease the questioning if it got too far afield. The trial judge read to the jury the auditor's findings of fact and conclusions of law, and informed the jury that it could refer to the auditor's report as the case proceeded. Since the evidence allegedly excluded was (or was required to be) contained in the transcript, which was made available to the jury, and since the appellant made no objection to such alleged restriction of evidence at the time, whatever error may have occurred, if harmful, cannot be raised for the first time on appeal.

6. It is further enumerated as error that the provisions of the order for debt payment were improper because of the alleg-ed improper exclusion of evidence (discussed in Division 5, supra) and because the provisions are "vague and utterly incapable of enforcement." This argument, however, is in derogation of the

appellant's own position, that the judge should frame his decree on the auditor's report to the extent it has not been excepted to. Here, the wife had prayed in her pleadings "that upon the division of the parties' real property, that [sic] the indebtedness be divided pro rata between the parties according to the number of acres each acquires through said division." The judgment was properly based on the jury verdict, which was framed according to the pleadings.

7. Finally, the appellant enumerates as error the aspects of the temporary order which make it extend beyond the auditor's conclusions, which have yet to be modified by proper exception or recommittal, and require a capital expenditure by the appellant of a permanent nature subsequent to the divorce decree, increasing the award to the wife even after entry of the final judgment. The trial court has the discretionary authority to enter orders granting temporary alimony and expenses of litigation, which orders continue in force and effect until the termination of the litigation in all courts, and as long as the case is pending, including litigation in the Supreme Court. *Chlupacek v. Chlupacek,* 226 Ga. 520 (2, 3) (175 SE2d 834) (1970). While, as we have pointed out, the Auditor's Statute contemplates that the auditor's report shall be a complete adjudication of all factual and legal issues, nevertheless, the trial judge in a divorce case must retain the ultimate authority and responsibility for molding the decree and temporary orders — based upon the auditor's report as excepted to, but also modified within his discretion.

In conclusion, we find that, although the better practice in this case would have been to follow more strictly the procedures in the Auditors Statute as to recommittal and final adjudication by the auditor subject to review by the judge and/or jury; nevertheless, the procedure followed here was not, under the circumstances, reversible error.

*Judgment affirmed. Hill, P. J., Clarke and Gregory, JJ., concur. Jordan, C. J., and Smith, J., concur in the judgment only.*

DECIDED SEPTEMBER 9, 1981—
REHEARING DENIED SEPTEMBER 29, 1981.

*Vanderhoff & Jordan, Lynwood D. Jordan, Jr.,* for appellant. *D. William Garrett, Jr.,* for appellee.