S94A1950. JANELLE v. JANELLE.
(454 SE2d 133)

SEARS, Justice.

In this divorce action, the trial court instructed the jury that the husband's corporation and the husband's undivided one-half interest in the marital home were non-marital properties not subject to equitable division. The wife appeals the subsequent judgment entered on the jury's verdict, and we reverse.

1. It is undisputed that the corporation was the separate property of the husband before the parties married. The wife contends, however, that the corporation has appreciated in value since the marriage, and that the appreciation is a marital asset subject to division.

In general, "[w]hether a particular kind of property can *ever* be classified as marital property" is a question of law for a judge to de-

cide. (Emphasis in original.) *Bass v. Bass*, 264 Ga. 506, 508-509 (448 SE2d 366) (1994) (Hunt, C. J., concurring). "However, whether a particular item of property *actually* constitutes a marital or non-marital asset may be a question of fact for the trier of fact to determine from the evidence." (Emphasis supplied.) *Bass*, 264 Ga. at 507. We specifically addressed the treatment of the appreciation in the value of a spouse's separate property in *Bass*, where we held that

> as a matter of law, if the separate non-marital property of one spouse appreciates in value during the marriage *solely as the result of market forces*, that appreciation does not become a marital asset which is subject to equitable division; but, if the separate non-marital property of one spouse appreciates in value during the marriage *as the result of efforts made by either or both spouses*, that appreciation does become a marital asset which is subject to equitable division. *Thomas v. Thomas*, [259 Ga. 73, 75 (377 SE2d 666) (1989)]; *Halpern v. Halpern*, 256 Ga. 639 (352 SE2d 753) (1987).

(Emphasis supplied.) Id.

Accordingly, as a matter of law, the appreciation in the value of the husband's corporation is marital property and subject to equitable division if, as a matter of fact, the appreciation was "the result of efforts made by either or both spouses." Since questions of fact are properly left up to the trier of fact, and the trier of fact in this case was the jury, the trial court erred in removing the corporation, and thus any appreciation in its value, from the jury's consideration in dividing assets without allowing the jury to resolve the factual question of the catalyst for the appreciation.

2. Likewise, the trial court erred in declaring, as a matter of law, that the husband had an undivided one-half interest in the marital residence which was non-marital property and not subject to equitable distribution. As with the appreciation in the corporation, the extent to which the marital residence was marital property depends upon the resolution of factual issues.[1] The jury should be allowed to hear the parties' evidence and arguments, and should be instructed on the legal principles appropriate to the determination of the extent

---

[1] The husband contends that the original marital residence was purchased before the marriage, and that each subsequent marital residence was purchased with proceeds from the sale of that original marital residence. The wife contends that the husband made only a small down-payment on the original marital residence before the marriage, and that all mortgage payments on that residence and each subsequent residence were paid from the parties' joint checking account, to which both of their paychecks were directly deposited.

to which the final marital residence constitutes marital property.[2] Once that determination is made, the jury may apportion the marital property as it believes the equities demand.

*Judgment reversed and case remanded for a new trial. All the Justices concur.*

DECIDED MARCH 6, 1995.

*Calhoun & Associates, John R. Calhoun, Gregory N. Crawford,* for appellant.
*Beckmann & Lewis, J. Stephen Lewis,* for appellee.

---

[2] In this regard, "[t]he source of funds rule is a reliable method for classifying property of this sort and is consistent with the purpose behind the doctrine of equitable division of property." *Thomas v. Thomas,* 259 Ga. at 77.