S96A0694. FRANKLIN v. FRANKLIN.
(475 SE2d 890)

HUNSTEIN, Justice.

Appellant, Suzanne Franklin, initiated divorce proceedings in September 1992 against appellee Ernest Franklin, M.D., and sought a trial by jury. Before trial, appellee filed a motion in limine for the trial court to designate certain real and personal property as appellee's separate, non-marital property. The trial court granted the motion. On the eve of trial, the trial court referred the case to an auditor, OCGA § 9-7-1 et seq., noting that appellant was not represented by counsel.[1] The auditor conducted an evidentiary hearing at which appellant appeared briefly to object to the proceedings. The auditor subsequently submitted a report to the trial court containing both findings of fact and conclusions of law. Appellant did not except to the auditor's report. The trial court entered a final judgment and decree on September 28, 1995, consistent with the findings of the auditor.

We granted appellant's application for discretionary review to determine whether the trial court had the authority to appoint an auditor and enter a final judgment based on the auditor's report in a divorce case after appellant made a timely jury demand. We further granted the application to consider whether the trial court correctly designated certain property as non-marital pursuant to *Janelle v. Janelle,* 265 Ga. 116 (454 SE2d 133) (1995) and *Bass v. Bass,* 264 Ga. 506 (448 SE2d 366) (1994). For the reasons that follow we reverse and remand.

1. OCGA § 19-5-1 (a) provides that a divorce action shall be heard and determined by a judge "[u]nless an issuable defense is filed as provided by law and a jury trial is demanded in writing by

---

[1] The trial court's order reflected that upon call of the case for jury trial, it became apparent that appellee "may have conveyed/transferred all of his right title and interest in all marital and non-marital assets to a foreign trust" and that these conveyances/transfers "may have significant impact on the enforceability of any judgment disposing of marital and non-marital assets." Because of these factors, the trial court deemed review of the parties' assets by an auditor to be necessary and appointed an auditor who was an attorney.

either party on or before the call of the case for trial." We note that although circumstances exist under which the right to a trial by jury may be expressly or implicitly waived, e.g., in writing or orally in open court, by the submission of a consent decree, or by announcement in open court that the parties have reached an agreement resolving the issues in the case, McConaughey, Ga. Divorce, Alimony & Child Custody (1995 ed.), § 7-13, the specific language in OCGA § 19-5-1 (a) makes it clear that absent waiver, a jury trial in a divorce case is available to a spouse if a written demand is made on or before the call of the case. See *Owen v. Lewis*, 264 Ga. 109 (443 SE2d 850) (1994); compare *Ivey v. Ivey*, 264 Ga. 435 (1) (445 SE2d 258) (1994).

OCGA § 9-7-2 addresses when an equitable case may be referred to an auditor to investigate specific matters identified by a superior court. The Code section provides that upon application of either party or on its own motion, a superior court judge may refer "any part of the facts to an auditor to investigate and report the result to the court." Upon appointment, the auditor is granted the power not only to hear motions, allow amendments, and subpoena and swear witnesses, but also to "pass upon all questions of law and fact." OCGA § 9-7-6. See *McCaughey v. Murphy*, 267 Ga. 64 (473 SE2d 762) (1996). This Court has long recognized that when a case is referred to an auditor, the auditor serves as an extension of the court acting as both judge and jury. See *Thomas v. Fred W. Amend Co.*, 196 Ga. 455 (2) (26 SE2d 415) (1943); *Lefkoff v. Sicro*, 193 Ga. 292 (1) (18 SE2d 464) (1942).

Although a trial court has the authority to refer an equitable proceeding to an auditor, it is apparent that no purpose is served in appointing an auditor in a domestic case where pursuant to a proper demand, all issues relating to alimony and property division must ultimately be submitted to the jury. Accordingly, based on our analysis of the above-referenced statutory and case law authority, we conclude that where one spouse has made a proper demand for a jury trial which is not otherwise waived, it is reversible error to enter a final judgment on alimony and property division based upon the findings of an auditor, without a trial by jury. We do not agree with appellee that *Carmichael v. Carmichael*, 248 Ga. 216 (282 SE2d 71) (1981), supports a different conclusion. A review of the opinion in *Carmichael* reveals that the issues of alimony, child support and property division were referred to an auditor with the *consent* of both parties. This Court then analyzed the case under the predecessor to OCGA § 9-7-1 et seq. (Code Ann. § 10-101 et seq.) to determine whether the auditor's report was subject to recommitment.

Appellant filed an issuable defense and a timely demand for a jury trial as required by OCGA § 19-5-1 (a), which demand was not waived or withdrawn. The record here reflects that appellant affir-

matively objected to the auditor proceedings as a whole and never consented to or acquiesced in them. It follows that absent appellant's consent to the auditor proceedings, she retained her right to a jury trial on the issues of alimony and the division of property under OCGA § 19-5-1 (a), which right was nullified by the trial court's referral of the case to an auditor. Accordingly, the final judgment entered by the trial court is reversed, and the case remanded for a trial by jury as demanded by appellant.

2. Appellant contests the trial judge's classification of certain property as non-marital; the property in question consists of a retirement fund, and antiques and real property purportedly purchased with inheritance proceeds. In making his decision, the trial judge relied upon *Goldstein v. Goldstein*, 262 Ga. 136 (1) (414 SE2d 474) (1992), which was controlling at the time, for the proposition that the classification of property as either marital or non-marital is a question of law. Subsequent decisions of this Court have modified *Goldstein* by clarifying that whether a particular category of property may legally constitute a marital or non-marital asset is a question of law for the court, but whether a particular item of property actually constitutes a marital or non-marital asset may be a question of fact for the trier of fact to determine from the evidence. *Janelle v. Janelle*, supra; *Bass v. Bass*, supra. A reviewing court should apply the law at the time of its judgment rather than the law prevailing at the rendition of the judgment under review. *City of Valdosta v. Singleton*, 197 Ga. 194, 208 (28 SE2d 759) (1944). As appellee has no vested right in the order of the trial court and no constitutional right is involved, this Court will apply the law as it currently exists. *Osteen v. Osteen*, 244 Ga. 445 (260 SE2d 321) (1979). Accordingly, we remand for factual findings regarding the classification of the items of property at issue; as appellant has demanded a jury trial, whether these items are to be considered marital or non-marital property is for the jury to determine in accordance with appropriate instructions from the trial court.

3. Appellant also maintains that the trial court erred in failing to compel appellee to produce certain documents, in retroactively modifying its temporary orders on the dual issues of attorney fees and temporary alimony, and in refusing to hold appellee in contempt for his failure to pay temporary alimony. We have carefully reviewed these remaining enumerations of error and find them to be without merit.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996.

*Brenda H. Trammell,* for appellant.

*Lewis M. Groover, Jr.,* for appellee.