## S01A1117. PAYSON v. PAYSON.
(552 SE2d 839)

BENHAM, Justice.

Appellant Judith Fernandez Payson and appellee Stanley Leon Payson were married in September 1991 and separated in April 1999. On September 8, 2000, at the close of a bench trial on their cross-complaints for divorce, the trial court issued an oral ruling in which it granted the divorce, distributed property, and resolved the issues of child custody, support, and visitation. The final judgment and decree of divorce incorporating the trial court's oral pronouncement was filed October 20, 2000. In its equitable division of marital property, the trial court awarded Mrs. Payson a stock account which contained Home Depot stock Mrs. Payson had owned prior to the marriage, Home Depot stock she had received after exercising stock options that had vested prior to the marriage,[1] Home Depot stock that was marital property,[2] and the appreciation on the entire account. Contesting the trial court's classification of this account as marital property subject to equitable division, Mrs. Payson obtained discretionary review of the trial court's judgment in this Court. In granting review, we stated we were particularly concerned with

> [w]hether the trial court erred in classifying Wife's appreciated shares of Home Depot stock as a marital asset for purposes of the equitable division of property. See *Bass v. Bass*, 264 Ga. 506, 507 [(448 SE2d 366)] (1994); *Yates v. Yates*, 259 Ga. 131 [(377 SE2d 677)] (1989); *Thomas v. Thomas*, 259 Ga. 73, 77 [(377 SE2d 666)] (1989); *Halpern v. Halpern*, 256 Ga. 639 [(352 SE2d 753)] (1987).

1. The equitable division of property is an allocation to the parties of the assets acquired during the marriage, based on the parties' respective equitable interests. *Byers v. Caldwell*, 273 Ga. 228, 229

---

[1] Prior to the marriage and for 18 months after the marriage, Mrs. Payson was employed by Home Depot and took advantage of the company's employee participation plan to obtain stock and stock options. When Mrs. Payson left her employment with Home Depot, she had 30 days to exercise her vested right to stock options to purchase 10,260 shares. She liquidated premarital assets in order to exercise her stock options.

[2] Mrs. Payson conceded that 169 shares of Home Depot stock in the account is marital property subject to equitable division.

(539 SE2d 141) (2000). The purpose behind the doctrine of equitable division of marital property is "to assure that property accumulated during the marriage be fairly distributed between the parties." *Campbell v. Campbell*, 255 Ga. 461, 462 (339 SE2d 591) (1986). Only property acquired as a direct result of the labor and investments of the parties during the marriage is subject to equitable division. *McArthur v. McArthur*, 256 Ga. 762 (353 SE2d 486) (1987). A property interest brought to the marriage by one of the marriage partners is a non-marital asset and is not subject to equitable division since it was in no sense generated by the marriage. *Campbell v. Campbell*, supra, 255 Ga. at 462. See also *Moore v. Moore*, 249 Ga. 27 (2) (287 SE2d 185) (1982). It is a question of law for the court whether a particular category of property may legally constitute a marital or non-marital asset, but whether a particular item of property actually is a marital or non-marital asset may be a question of fact for the trier of fact. *Franklin v. Franklin*, 267 Ga. 82 (2) (475 SE2d 890) (1996); *Janelle v. Janelle*, 265 Ga. 116 (1) (454 SE2d 133) (1995); *Bass v. Bass*, 264 Ga. 506. The appreciation in value of a non-marital asset during the marriage is a marital asset subject to equitable division if the appreciation is the result of the efforts of either spouse or both spouses, but to the extent the appreciation is only the result of market forces, it is a non-marital asset and therefore not subject to equitable division. *Bass v. Bass*, 264 Ga. at 508. Whether the appreciation in value of the non-marital asset is due to market forces or to the individual or joint efforts of the spouses is a question of fact. Id.

(a) Mrs. Payson's property interest in the Home Depot stock she brought to the marriage and the Home Depot stock she received after exercising her pre-marital stock options was not marital property subject to equitable division since it was not generated by the marriage or accumulated during the marriage. As a matter of law, non-marital assets are not subject to equitable division, and the trial court erred when it treated the non-marital property as marital property subject to equitable division. *Yates v. Yates*, 259 Ga. 131; *Thomas v. Thomas*, 259 Ga. at 75.

(b) Whether the appreciation in value of Mrs. Payson's Home Depot stock during the marriage is marital property subject to division or is her separate, non-marital property is a question of fact for the trial court which served as the factfinder in this case. *Bass v. Bass*, supra, 264 Ga. at 507. In order for the factfinder to come to the conclusion, reached in the case at bar, that *all* the appreciation on non-marital property is marital property subject to equitable division, the factfinder must determine that *all* the appreciation is attributable to the individual or joint efforts of the spouses and none of the appreciation is due to market forces, since any appreciation found to be attributable to market forces is not a marital asset sub-

ject to equitable division. Id. at 508. There is no dispute that *some* of the appreciation in value of Mrs. Payson's stock was due solely to market forces, making it error to include *all* the appreciation in value as marital property. See id.

Since the trial court erroneously considered as marital property Mrs. Payson's Home Depot stock, her exercised stock options, and the appreciation in the value of the stock brought about by market forces, we must reverse the trial court's equitable division of property and remand the case to the trial court in order that it might reconsider the allocation of marital property, including a determination of the amount of appreciation in value that is due to market forces and the amount due to the efforts of one or both parties to the marriage.

Mr. Payson suggests that the trial court's error was harmless since Mrs. Payson was awarded the stock. We disagree. Our invalidation of a portion of the factfinder's allocation of marital property "works a change in matter of substance" regarding the allocation of marital property and requires the factfinder to re-examine its equitable division of marital property. *Jones v. Jones*, 264 Ga. 169, 170 (441 SE2d 745) (1994). See also *Griggs v. Griggs*, 260 Ga. 249 (2) (392 SE2d 11) (1990), where this Court ruled that if a trial court grants a motion for new trial due to an error in the distribution of property, even if the error is limited to one item of property, the factfinder's allocation of economic resources must be determined de novo. This is so because a party's non-marital property is a factor that may be considered in assessing the equities of the division of marital property. *Yates v. Yates*, supra, 259 Ga. at 132. Furthermore, in *Yates*, we rebuffed the argument that the trial court's error in awarding non-marital property to the non-owning spouse was harmless since the trial court could have awarded the non-marital asset to the other spouse as alimony, because to endorse that position would erode the distinctions between marital and non-marital property and between equitable division of property and alimony. Id. We reiterate that position here: marital and non-marital property are afforded different treatment in the division of property upon divorce and it is important that the distinction between the two types of property not be blurred.

2. Following the equitable division of property in paragraphs 10 and 11 of the final judgment and decree of divorce is a separately-numbered paragraph in which the trial court ordered Mrs. Payson to pay Mr. Payson $100,000 within thirty days of the entry of the judgment. The paragraph went on to state that Mr. Payson would be solely responsible for the payment of federal and state income taxes brought about by the 2000 sale of Home Depot stock in Mr. Payson's name. Mrs. Payson contends the $100,000 constitutes an award of alimony to Mr. Payson which must be reversed since Mr. Payson had

not sought alimony. Mr. Payson contends the $100,000 is part of the equitable division of marital property and suggests that the award was a court-ordered repayment of marital funds earmarked for payment of taxes that Mrs. Payson had put to her personal use. The trial court's judgment contains no findings of fact, so we are unable to discern the trial court's rationale. In a separate but related enumeration of error, Mrs. Payson contends the trial court erred when it denied her motion which sought the inclusion of findings of fact and conclusions of law in the final judgment pursuant to OCGA § 9-11-52 (a). The trial court denied Mrs. Payson's motion because it deemed the motion untimely since the motion had not been made prior to the trial court's oral pronouncement of its ruling. The motion had been filed six days after the trial court's oral pronouncement of its decision and 36 days before the written judgment was entered. We must determine whether the trial court's determination regarding timeliness is error.

A trial court presiding over a bench trial or ruling on an interlocutory injunction in a court of record is statutorily required to make findings of fact and conclusions of law "upon [the] request of any party made prior to such ruling. . . ." OCGA § 9-11-52 (a). When the request for findings is made after judgment is entered, a trial court *may* make the findings. OCGA § 9-11-52 (c). The question is whether Mrs. Payson's motion for findings of fact and conclusions of law, filed after the trial court orally announced its decision but before the trial court issued its written judgment, was made "prior to such ruling" so as to *require* the trial court to make findings of fact. Mr. Payson contends that "ruling" in § 9-11-52 (a) refers to the trial court's oral pronouncement of its decision, making Mrs. Payson's request untimely since it was filed six days after the oral decision. Mrs. Payson, on the other hand, contends that "ruling" is synonymous with "judgment," making her request timely since it was made before the trial court entered the written judgment. For the reasons that follow, we agree with Mrs. Payson's position.

A ruling is "[a]n order made by a court, at the instance of one of the parties to a suit, commanding a ministerial officer or the opposite party to do some act or to show cause why some act should not be done. It is usually upon some interlocutory matter." Black's Law Dictionary (5th ed.). Any trial, including a bench trial, is replete with trial court rulings concerning the admission of evidence and the allowing or disallowing of the parties' various motions. Id. The trial court's final ruling in a case, i.e., the order or decree from which an appeal lies (OCGA § 9-11-54 (a)), or "the *final* result of pleadings, evidence and law in the case" (*Blandford & Thornton v. McGehee*, 67 Ga. 84, 88 (1881)), is the judgment of the trial court.

Under the Civil Practice Act, findings of fact are integral only to

those judicial rulings that are judgments. Each of the purposes of findings of fact is linked to the trial court's final determination in a case. " 'The purpose of findings of fact is threefold: as an aid in the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review.' [Cit.]" *Gen. Teamsters Local &c. v. Allied Foods*, 228 Ga. 479 (1) (186 SE2d 527) (1971). In addition, findings of fact and conclusions of law are instructive to the parties (*Hopkins v. Hudgins & Co.*, 218 Ga. App. 508 (1) (d) (462 SE2d 393) (1995)), and enable them "to complain of and appeal from the judgment rendered." *Brown v. Brown*, 237 Ga. 201, 202 (227 SE2d 360) (1976).

In recent cases, the Court of Appeals has implicitly construed the second "ruling" in § 9-11-52 (a) as "judgment": in *Progressive Preferred Ins. Co. v. Aguilera*, 243 Ga. App. 442, 444, n. 3 (533 SE2d 448) (2000), the court noted that the 1987 amendment to the statute "require[d] a party to make a *prejudgment* request for such findings" and, in *Greene County v. North Shore Resort &c.*, 238 Ga. App. 236 (2) (517 SE2d 553) (1999), the court stated that a trial court was required by § 9-11-52 (a) to make findings and conclusions if either party made such a motion "prior to *judgment* or ruling on interlocutory injunctions or in all non-jury trials," and concluded that a trial court does not err in failing to make findings and conclusions a part of the judgment if there is no timely request "prior to the entry of the order or *judgment*. . . ." (Emphases supplied.) See also *Ardex, Ltd. v. Brighton Homes*, 206 Ga. App. 606 (1) (426 SE2d 200) (1992), where the court determined that the failure to request findings prior to the entry of *judgment* left the decision whether to make findings to the discretion of the trial court under § 9-11-52 (c); and *Burks v. First Union Mtg. Corp.*, 209 Ga. App. 41 (1) (432 SE2d 822) (1993), where the court, in finding no error in the trial court's failure to make findings and conclusions, noted that no party had requested that findings be included in the final judgment prior to the issuance of that order. But see *Safadi v. Thompson*, 226 Ga. App. 685 (1) (487 SE2d 457) (1997), where the court suggested that a party must request findings of fact under § 9-11-52 (a) before *trial*.

It makes sense from a practical standpoint to conclude that a party's § 9-11-52 (a) request for findings and conclusions in a bench trial is timely if made before the judgment is entered. The filing of a judgment is a certainty in every case, its timing is not subject to manipulation, and it is the point from which action on the judgment so entered may be taken. On the other hand, the oral pronouncement of the trial court's determination is not a mandatory part of every bench trial and has no legal force or effect as a judgment until reduced to writing, signed by the trial court, and filed with the clerk of court. *Crowell v. State*, 234 Ga. 313 (215 SE2d 685) (1975); *New v.*

*Wilkins*, 178 Ga. App. 337 (2) (343 SE2d 136) (1986).

A seamless statutory scheme incorporating OCGA § 9-11-52 (a) and (c) results when "ruling" in § 9-11-52 (a) is read as being synonymous with "judgment." See *Houston v. Lowe's of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975) ("[A] statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part."). Under OCGA § 9-11-52 (a), the trial court is required to make findings if a party requests such action prior to the entry of judgment; under § 9-11-52 (c), the trial court may or may not make findings if the initial request to do so is made after the entry of judgment. To construe "ruling" as Mr. Payson suggests creates a post-trial, pre-judgment period in which a party, aware from the court's oral pronouncement of how the trial court intends to rule, has no ability to petition the trial court to make or consider making findings of fact and conclusions of law. The fact that there is no rational support for the existence of a pre-judgment period of time in which a party is statutorily precluded from asking the trial court to make findings of fact and conclusions of law supports our conclusion that "ruling" in § 9-11-52 (a) is synonymous with "judgment."

In sum, we vacate those portions of the trial court's judgment in which the equitable division of property is made (Paragraphs 10 and 11) and in which Mrs. Payson is ordered to pay $100,000 to Mr. Payson (Paragraph 12). The case is remanded to the trial court with direction that Mrs. Payson's separate, non-marital property be awarded to her; that the portion of appreciation in value of Mrs. Payson's Home Depot stock that is attributable to market forces be awarded to her as separate, non-marital property; that the appreciation in value of said stock due to the efforts of either or both spouses be subject to equitable division; and that findings of fact and conclusions of law be entered pursuant to OCGA § 9-11-52 (a).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*David A. Webster*, for appellant.
*Chambers & Knight, Eugene P. Chambers III, Steven T. Welch*, for appellee.