S10F1591. HULING et al. v. HULING.
(707 SE2d 86)

HUNSTEIN, Chief Justice.

Clayton Dallas Huling, Jr. ("Husband") filed for divorce from Charlene Huling ("Wife") after 23 years of marriage. Wife successfully moved to join as indispensable parties Husband's father and sister, along with Huling Enterprises, Inc. and Laurel Island Food Mart, Inc., alleging that marital property had been transferred to these parties in an attempt to defraud Wife of her claim to equitable division of such assets. A jury trial was held and at the charge conference a lengthy discussion took place regarding the format and content of the verdict form.[1] The jury returned a verdict finding that

---

[1] The form that the parties ultimately agreed upon consisted of the following interrogatories:

A. Do you find that [Wife] is entitled to receive a percentage of the value of Huling Enterprises, Inc.[?]
B. If so, what amount do you find she is entitled to receive?
C. Do you find that [Wife] is entitled to receive a percentage of the value of Laurel Island Food Mart, Inc.?
D. If so, what amount do you find she is entitled to receive?

Husband and the third-party plaintiffs had conspired to defraud Wife and awarding her a total of $490,750 as equitable division of the marital assets; $500 in damages for fraud; and $23,750 in punitive damages. The trial court incorporated the verdict into its final judgment and decree of divorce, ordering that the awards be entered jointly and severally against Husband and the third-party plaintiffs. The motion for new trial or judgment notwithstanding the verdict filed on behalf of Husband and the third-party plaintiffs (collectively, "appellants") was denied, and the ensuing application for discretionary review was granted pursuant to this Court's Family Law Pilot Project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

Appellants contend that the judgment against the third-party plaintiffs cannot stand because, inter alia, an equitable division claim cannot be brought against a third party to the marriage, citing *Bedford v. Bedford*, 246 Ga. 780 (273 SE2d 167) (1980) (issue of equitable division of property arises from the marital relationship), and, although a third party may be joined to a divorce action for the limited purpose of determining relative rights to marital property, a money judgment against a third party cannot be entered under such circumstances.[2] See *Shah v. Shah*, 270 Ga. 649 (1) (513 SE2d 730) (1999). However, any error in the judgment against the third-party plaintiffs was induced by appellants. At the charge conference, counsel for Husband requested that the proposed verdict form prepared by Wife's counsel be simplified, stating that "[t]hey're seeking an equitable division and that's all. These are all parties in

---

E. Do you find that [Wife] is entitled to receive a percentage of the value of the river front property in Camden County?

F. If so, what amount do you find she is entitled to receive?

G. Do you find that [Wife] is entitled to receive a percentage of the value of the marital home?

H. If so, what amount do you find she is entitled to receive?

I. Do you find that [Husband] and Third-Party Plaintiffs have conspired together to defraud [Wife]?

J. If so, do you find that [Wife] is entitled to recover damages from [Husband] and Third-Party Plaintiffs as a result of the fraud?

K. If so, what amount of damages is [Wife] entitled to recover from [Husband] and Third-Party Plaintiffs?

L. Do you find by clear and convincing evidence that [Husband] and Third-Party Plaintiff[s'] actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences such that [Wife] is entitled to recover punitive damages?

M. If so, what amount of punitive damages is [Wife] entitled to recover from [Husband] and Third-Party Plaintiffs?

Questions regarding award amounts were followed by a dollar sign and a blank.

[2] We reject appellants' attempt to recast such legal issues as a sufficiency of the evidence argument. Our review of the record shows that the jury's finding of fraud is amply supported by the evidence, and appellants conceded at oral argument that they are not disputing this finding. The errors enumerated on appeal involve legal issues that arise therefrom.

one boat. So why can't the verdict form just say, 'As an equitable division of property, [Wife] is awarded blank dollars or blank percentage in blank corporation'?" When counsel for Wife expressed concern that Husband claimed he did not have any of the assets at issue and that the jury could give Wife a judgment solely against Husband, the trial court responded that "[t]he judgment is . . . going to be against all three [sic] Plaintiffs." Counsel for Husband immediately interjected, "It's joint and severally. They stand together — all the parties." At the close of the charge conference, the trial court asked counsel for the third-party plaintiffs, who had not contributed to the discussion, whether he agreed; counsel stated that he did. Because appellants induced and expressly acquiesced in the allegedly erroneous judgment, they will not be heard to complain here. See *Moody v. Dykes*, 269 Ga. 217 (3), (5) (496 SE2d 907) (1998) (party cannot induce error and then benefit from it).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 7, 2011 —
RECONSIDERATION DENIED APRIL 12, 2011.

*James E. Stein, Christopher J. McFadden*, for appellants.
*Durham, McHugh & Duncan, James B. Durham, Audra L. Rizzi-Gegg*, for appellee.