## S11F1052. HIGHSMITH v. HIGHSMITH.
### (716 SE2d 146)

BENHAM, Justice.

Appellant Stephanie Highsmith (Wife) and appellee Louis Highsmith (Husband) were married in 1993 and, after a bench trial, were awarded a final decree of divorce on July 14, 2010. In the final decree of divorce, the trial court found, in relevant part, that the following property was non-marital and the separate property of Husband:

> (c) Equity of $23,931 [in] the Husband's Frederica Building Services office in St. Simons Island, Georgia;
> (d) Equity of $70,900 in an undivided tract of four lots located [adjacent to the parties' marital home] on Blythe Island, Brunswick, Glynn County, Georgia, taking into account the Husband's construction of a dock and tennis court, during the marriage, at a cost of approximately $30,000. . . .

The trial court found, in relevant part, that the following property was marital and subject to equitable division, making awards thereof accordingly:

> (a) The Husband's office for Frederica Building Services, St. Simons Island, Georgia . . . , is awarded to Husband.
> (p) The Scottrade account of the Wife, as set forth in her Domestic Relations Financial Affidavit . . . , in the approximate amount of $73,780, is awarded to the Wife.
> (ff) The marital portion of the tract of land [adjacent to the parties' marital residence] . . . , is awarded to Husband.

Because the parties had a rental property business during the marriage, most of the marital property was in the form of houses and/or land lots. By agreement of the parties, the trial court valued most of the real estate properties based on county tax records. In total, the value of the marital estate which the trial court awarded to Wife was $872,000 and the portion awarded to Husband was $766,570. The trial court awarded Wife a greater share of the marital estate because the trial court took into consideration a proposed

credit of up to $210,000 which reflected an amount Wife testified she removed from her Scottrade account and commingled in a joint account of marital funds for the purpose of investing in the parties' rental property business.

After the divorce decree was issued, Wife moved for a new trial which motion the trial court denied. We granted Wife's application for discretionary review under this Court's previously instituted Pilot Project for domestic relations cases (now set forth as Supreme Court Rule 34 (4)). On appeal, Wife contends the trial court erred when it improperly designated her Scottrade account as marital property, improperly applied the source of funds rule, improperly made an erroneous finding of fact, improperly valued Husband's separate property, and improperly valued property adjacent to the marital home. For reasons set forth below, the trial court's order denying Wife's motion for new trial is affirmed in part and reversed in part.

1. During the bench trial, the evidence showed that in 1992, Wife sold a house she owned prior to the marriage and placed the proceeds in her Scottrade account. At the final divorce hearing, Wife testified that the account contained $300,000 at the time the parties were married. She also testified that during the marriage, she withdrew approximately $210,000 from the Scottrade account and placed it in a joint account held by the parties in order for the parties to invest in rental properties. At the time of the bench trial, the Scottrade account contained approximately $74,000. Based on this evidence, the trial court designated the account to be marital and, when it equitably divided the marital property, the trial court awarded the account to Wife. Wife contends the trial court erred when it held that the Scottrade account was a part of the marital estate subject to equitable division. We agree.

"It is a question of law for the court whether a particular category of property may legally constitute a marital or non-marital asset, but whether a particular item of property actually is a marital or non-marital asset may be a question of fact for the trier of fact. [Cits.]" *Payson v. Payson*, 274 Ga. 231 (1) (552 SE2d 839) (2001). Once marital property has been identified, a trial court has broad discretion to equitably divide marital property. *Dupree v. Dupree*, 287 Ga. 319 (3) (695 SE2d 628) (2010). Absent a showing of abuse of that discretion, the trial court's division of marital property will be upheld. Id. at 321; *Hunter v. Hunter*, 289 Ga. 9 (1) (709 SE2d 263) (2011). The evidence showed Wife brought the account to the marriage. Whatever was left in the account at the time the marriage ended was Wife's separate property because no marital funds were placed into the account and its value, with the exception of Wife's removal of $210,000, rose or fell with the market rather than being

the result of any labor or investment made by Husband or the parties together during the marriage. *Payson*, 274 Ga. at 232. Although Wife was ultimately awarded the account when the trial court made the equitable division, the trial court's error in designating the account as marital property was not harmless. Id. at 233. The equitable division of the marital estate must be reexamined without the inclusion of the $74,000 account. Id. Accordingly, the order denying the motion for new trial must be reversed as to this issue (see *Yates v. Yates*, 259 Ga. 131 (2) (377 SE2d 677) (1989)) and the matter remanded for the marital property to be equitably divided in a manner consistent with this opinion.

2. Wife alleges the trial court erred by applying the source of funds rule to the Husband's office[1] but not to her Scottrade funds. The source of funds rule is a method of equitable distribution of marital property. "Under [the source of funds] rule, a trial court 'must determine the contribution of the spouse who brought the [property] to the marriage, and weigh it against the total non-marital and marital investment in the property." (Citation and punctuation omitted.) *Windham v. Araya*, 286 Ga. 501 (1) (690 SE2d 168) (2010). Based on the record presented, the source of funds rule cannot be applied to the approximately $210,000 in funds Wife withdrew from her Scottrade account and placed in a joint account held by the parties in order for the parties to invest in rental properties. First, there was no evidence presented establishing the amount of marital funds in the joint account at the time Wife contributed the $210,000, and so the total amount of the non-marital and marital components was not established. Also there was no evidence showing how much of the $210,000, over eighteen years of marriage, was spent vis-à-vis the marital funds on the numerous real estate properties the parties accumulated for their rental business. In comparison, Husband's office, as a piece of real estate, was a relatively static asset and more easily valued. Under the circumstances, the trial court did not commit reversible error in its varied treatment of Husband's office and of the $210,000 in funds from Wife's Scottrade account.

3. Wife alleges that Husband's testimony that he contributed $20,000 of premarital funds to his office is insufficient proof of the

---

[1] At trial, Husband testified that he used $20,000 of his premarital funds to renovate an office he purchased just after the couple was married. In addition to the $20,000, Husband used $50,000 of marital funds to complete the purchase and make renovations, such that the total cost was $70,000. The evidence presented showed that at the time of the bench trial, the office was valued at $82,522. The trial court applied the source of funds rule and determined that $23,931, or approximately 29%, of the equity in the building was Husband's separate property and determined that the remaining 71% was marital property subject to equitable division. The trial court awarded the 71% to Husband.

contribution. As the arbiter of fact, the trial court had the right to credit Husband's testimony on this matter. Wife did not present any contrary evidence. As such, this enumerated error lacks merit and cannot be sustained.

4. Wife contends that because there was no evidence of the value of Husband's office at the time it was acquired, the trial court misapplied the source of funds rule. This allegation cannot be sustained. The parties agreed at the start of the bench trial that the various properties at issue in the case would be valued based on their current value as listed with the county tax office. The evidence showed that Husband purchased and renovated the property for a total of $70,000, $20,000 of which was Husband's separate property and $50,000 of which was marital funds. At the time of the bench trial, the property was worth $82,522 according to county tax records, meaning it had appreciated based on what Husband paid for it. Using this information, the trial court valued Husband's non-marital equity in the property at $23,931 or at 29%.[2] Wife cannot be heard to complain now when she acquiesced in the trial court's use of county tax records to determine the value of the various real estate properties at issue in the parties' divorce. *Huling v. Huling*, 289 Ga. 55, 57 (707 SE2d 86) (2011). The trial court did not err.

5. Wife complains that the trial court did not properly value land that was adjacent to the marital home. Husband brought the unencumbered land to the marriage. During the marriage, Husband built a tennis court and a dock on the land for approximately $30,000 in marital funds. At the time of the bench trial, the land was worth $100,900 according to the county tax records. The trial court determined that $70,900 of the equity in the lot was Husband's separate property. The trial court awarded the remaining marital portion of the property, or $30,000 in equity, to Husband. No other evidence of the land's value or evidence of contributions during the marriage was presented during the bench trial. Again, Wife agreed that the properties in the case would be valued based on county tax records and so she cannot now assert error occurred. *Huling*, 289 Ga. at 57. Thus, this enumerated error is without merit and the trial court's denial of the motion for new trial is sustained.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011 —
RECONSIDERATION DENIED OCTOBER 17, 2011.

---

[2] $20,000/$70,000 = .285 or 29%; .29 x $82,522 = $23,931.

*Vincent D. Sowerby*, for appellant.

*Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, Terry L. Readdick*, for appellee.