S12F0889. JARVIS v. JARVIS.
(733 SE2d 747)

BENHAM, Justice.

This is a domestic relations case in which the application to appeal was granted pursuant to Rule 34 (4) of the Rules of the Supreme Court of Georgia. Appellant Michael Todd Jarvis ("Husband") and appellee Tracy Dorminy Jarvis ("Wife") were married in March 1997. Husband filed for divorce on August 24, 2009. After a five-day bench trial in March 2011, the trial court granted the parties a divorce by final judgment and decree dated April 20, 2011. The trial court gave Wife primary physical custody of the couple's three children and required Husband to pay $3,370 a month in child support. In addition to child support, the trial court ordered Husband to pay $1,500 a month in alimony for 36 months or until Wife's remarriage or death, or until Husband's death, whichever first occurs. The trial court ordered Husband to maintain a life insurance policy of at least $500,000 with Wife and the children listed as the named beneficiaries. At the conclusion of the divorce trial, the trial court reserved the matter of attorney's fees for later disposition upon motion made by the parties. Wife subsequently moved for an award of attorney's fees, the trial court held a hearing on June 6, 2011, and, on October 4, 2011, the trial court awarded Wife $125,477.48 in attorney's fees pursuant to OCGA § 19-6-2.

On appeal, Husband complains that the trial court abused its discretion when it considered evidence that Husband received financial support from his mother when considering the financial circumstances of the parties for the purpose of awarding attorney's fees under OCGA § 19-6-2.[1] Husband also contends that the trial court erred when it ordered that his estate continue to pay his support

---

[1] The parties conceded in their briefs and in their arguments to the Court that, while the trial court referenced OCGA § 9-15-14, the trial court made its attorney's fees award pursuant to OCGA § 19-6-2. Therefore, we do not address the propriety of the fee award under OCGA § 9-15-14.

obligations temporarily in the event there is any delay in the disbursement of proceeds from his life insurance policy.[2] For reasons set forth below, we affirm.

1. As an initial matter, Wife contends this Court lacks jurisdiction over any issues concerning the divorce decree because Husband did not file his application for appeal within 30 days of the issuance of the divorce decree, but rather filed it after the trial court issued its order regarding attorney's fees. Because the trial court reserved the matter of attorney's fees, the final decree of divorce was not a final judgment as of its issuance on April 20, 2011. *Miller v. Miller*, 282 Ga. 164 (646 SE2d 469) (2007). The divorce decree did not become a final judgment for the purpose of appeal until the trial court issued its order awarding attorney's fees on October 4, 2011. Since Husband filed his discretionary application within 30 days of the order awarding attorney's fees, his application was timely.[3] Accordingly, this Court has jurisdiction to consider all issues preserved below and raised in Husband's appellate brief.

2. At trial, Husband testified that he received financial support from his mother during his marriage and after his separation from Wife. Specifically, Husband testified on direct examination that his mother provided financial support for many years prior to his separation, as well as during his separation from Wife. During the pendency of the divorce proceedings, Husband stated his mother provided him financial support to pay his attorney's fees, his credit card bills, his temporary support obligations, and his various other living expenses. Husband contends the trial court erred when it considered this evidence when awarding Wife attorney's fees pursuant to OCGA § 19-6-2. We disagree.

OCGA § 19-6-2 (a) (1) provides in relevant part:

> (a) The grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for . . . divorce and alimony, . . . shall be:
> (1) Within the sound discretion of the court, except that the court shall consider the financial circumstances of both

---

[2] We do not address appellant's enumeration of error complaining of the trial court's failure to attach the child support worksheet to the final decree of divorce. During the pendency of this appeal, the trial court entered the child support worksheet, and the record on appeal has been supplemented, rendering this enumeration of error as moot.

[3] While Husband could have sought interlocutory review of the divorce decree within 30 days of its issuance, he was not required to do so.

parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party; . . .

In its order on attorney's fees, the trial court stated that it had "examined all financial information presented in this case." The trial court noted that it had considered Husband's base salary of $125,000 and bonus potential of $125,000 from his current employment; Husband's past earnings history which showed earnings in excess of $200,000 per year; the ten years Wife spent as a homemaker during the marriage; Wife's current earnings of $3,750 per month; monies Wife would receive in alimony and child support; Husband's purchase of a new vehicle; Wife's obtaining a used, older vehicle from her family; and Husband's receipt of financial assistance from his mother. At trial, Wife testified that she had borrowed money from her mother to pay her attorney's fees related to the divorce. The trial court additionally noted in its fee order that Wife was no longer receiving financial assistance from her mother. Husband similarly testified that his mother could no longer provide him financial support, but admitted that, as of trial, his mother was still making payments on his behalf.

As the trier of fact, the trial court was authorized to weigh and credit Husband's testimony along with all the other evidence of the parties' financial circumstances. See *Highsmith v. Highsmith*, 289 Ga. 841 (3) (716 SE2d 146) (2011). Since there is no statutory limitation on the type of evidence of "financial circumstances" a trial court may consider when a trial court makes a fee award under OCGA § 19-6-2 and because the award of attorney's fees under OCGA § 19-6-2 is within the trial court's discretion, we cannot say the trial court abused its discretion by considering evidence that Husband and/or Wife received financial assistance from a close relative.

3. Husband alleges the trial court erred when it allowed the final divorce decree to include the following clause relating to life insurance:

. . . in the event there is any delay in the payment of the aforesaid life insurance benefits to [Wife], [Wife] shall receive payments from [Husband's] estate according to the terms of this Decree . . . and continuing until the obligation of [Husband] herein to provide life insurance death benefits is fully satisfied.

Husband contends that his estate cannot make payments for child support and alimony upon his death. The issue of alimony is moot

because the decree expressly states that any alimony payments due to Wife will cease upon Husband's death. As for child support, the trial court has discretion to require a parent, without the parent's agreement, to provide life insurance for the support of minor children. OCGA § 19-6-34; *Simmons v. Simmons*, 288 Ga. 670 (3) (706 SE2d 456) (2011) (requiring that a trust be created for insurance proceeds for benefit of the children in event of husband's death). In this case, it appears that the purpose of the clause at issue is to ensure that the minor children continue to receive support payments until the proceeds of the life insurance policy are disbursed. We are unaware of any authority that would prevent Husband's estate from temporarily paying child support as a stop-gap measure in the event there is a delay in the payment of life insurance proceeds and Husband has not proffered such authority. *Russell v. Fulton Nat. Bank of Atlanta*, 247 Ga. 556 (276 SE2d 641) (1981) and *Clavin v. Clavin*, 238 Ga. 421 (233 SE2d 151) (1977), the cases cited by Husband in support of this enumerated error as it relates to child support, have effectively been overruled by OCGA § 19-6-34 which was enacted in 1995. See *Simmons v. Simmons*, 288 Ga. at 672, n. 4. Accordingly, we cannot say that the trial court erred.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 2012.

*Nathanael A. Horsley*, for appellant.

*Boyd, Collar, Nolen & Tuggle, Jonathan J. Tuggle, Andrea B. Seliski*, for appellee.