**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 18, 2025**

# In the Court of Appeals of Georgia

A25A1196. MOBLEY v. WILLIAMS.

RICKMAN, Presiding Judge.

This case originates from a legitimation petition filed by John Mobley against Madeline Williams. The trial court granted Mobley's petition. On appeal, Mobley contends that the trial court erred by failing to provide findings of fact and conclusions of law notwithstanding his timely request. For the following reasons, we vacate the judgment and remand the case.

The legitimation hearing took place on November 18, 2024. That same day, Mobley filed a written request for findings of fact and conclusions of law pursuant to OCGA § 9-11-52 (a). On December 4, 2024, the trial court entered its final order in which it: (1) declared Mobley's child to be legitimate; (2) awarded joint legal custody;

(3) incorporated parenting and visitation in accordance with a separate parenting plan; (4) imputed the parties' income; (5) set Mobley's child support obligation; and (6) found Mobley $405.00 in arrears of child support.[1]

Mobley contends that the trial court erred by failing to provide findings of fact and conclusions of law notwithstanding his timely request. Specifically, Mobley argues that the trial court's failure to provide findings of fact and/or conclusions of law deprived him of his right to appeal the ruling on the merits.

OCGA § 9-11-52 (a) provides:

In ruling on interlocutory injunctions and in all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law. If an opinion or memorandum of decision is filed, it will be sufficient if the findings and conclusions appear therein. Findings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

---

[1] We note that the order was prepared by Williams's counsel.

Although OCGA § 9-11-52 (a) does not apply to cases involving uncontested divorce, alimony, or custody of minors, see OCGA § 9-11-52 (b),[2] it does apply to legitimation cases. See *Schatte v. McGee*, 368 Ga. App. 868, 870 (1) (891 SE2d 435) (2023). Such "findings of fact and conclusions of law are instructive to the parties and enable them to complain of and appeal from the judgment rendered." (Citations and punctuation omitted.) *Payson v. Payson*, 274 Ga. 231, 235 (2) (552 SE2d 839) (2001).

Here, although the trial court's Order contained numerous legal rulings, it does not contain factual findings. And because Mobley made his request for findings of fact and conclusions of law under OCGA § 9-11-52 (a) before the trial court entered its judgment, his request was timely. See *Payson*, 274 Ga. at 235 (2) (holding that a request for factual findings and conclusions of law under OCGA § 9-11-52 (a) was timely if made before the judgment was entered). Accordingly, the trial court was required to "find the facts specially and . . . state separately its conclusions of law" in its final judgment, but it failed to do so. OCGA § 9-11-52 (a).

---

[2] "This Code section shall not apply to actions involving uncontested divorce, alimony, and custody of minors, nor to motions except as provided in subsection (b) of Code Section 9-11-41. The requirements of subsection (a) of this Code section may be waived in writing or on the record by the parties." OCGA § 9-11-52 (b).

Because the trial court erred by not including findings of fact in its final judgment, we vacate the judgment and remand with direction that the trial court make sufficient findings to support its rulings. See *VanVlerah v. VanVlerah*, 359 Ga. App. 577, 579 (1) (a) (859 SE2d 546) (2021).

*Judgment vacated and case remanded. Gobeil and Davis, JJ., concur.*