S05A1222. LETT et al. v. ALDERMAN et al.
(619 SE2d 599)

BENHAM, Justice.

In May 2004, appellees Barbara Alderman and Richard and Audrey Daniel filed a petition seeking to establish title against all the world to a certain .05-acre parcel of land in the City of Porterdale in Newton County. Appellants are the pastor (Clara Lett) and the trustees of Rainbow Covenant Church and Ministries, which claimed ownership of the property by means of a December 2003 quitclaim deed. Upon the trial court's receipt of findings of fact and a proposed order from the special master to whom the petition was submitted by the trial court (see OCGA §§ 23-3-63; 23-3-66), the trial court entered an order in favor of appellees. Appellants sought reconsideration of the trial court's decision on the ground that the special master had heard the matter without the presence of appellants' counsel because counsel was appearing in another court in another county at the time of the special master's hearing. After a hearing, the trial court denied the motion for reconsideration. Appellants timely filed a notice of appeal from the entry of the judgment against them and amended their notice of appeal to also seek review of the trial court's denial of the motion for reconsideration.

In its order denying the motion for reconsideration, the trial court found appellants had failed to exercise due diligence in their

defense of the petition to quiet title, and labeled as untimely the notice of conflict sent by appellants' counsel after the close of business the evening before the scheduled hearing before the special master. See Uniform Superior Court Rule 17.1. We agree with the trial court that appellants did not live up to their responsibility as parties to litigation, and affirm the trial court's decision to deny the motion for reconsideration.

The return of service reflected that appellants were served with the petition to quiet title on May 13, 2004. They collectively filed a pro se answer denying the allegations of the petition on June 10, 2004, and appeared without an attorney at the August 25 hearing before the special master appointed by the trial court to hear the petition. When asked by the special master if appellants had legal representation, Pastor Lett responded affirmatively and gave the name and telephone number of an Atlanta attorney. Noting the attorney had not filed a notice of appearance, the special master continued the hearing until September 15. Upon learning that appellants were represented by counsel, counsel for appellees sent a letter to the Atlanta attorney identified by Pastor Lett as appellants' attorney and enclosed a copy of the special master's order notifying the absent attorney of the new hearing date and time. After 5:00 p.m. on September 14, the Atlanta attorney sent by facsimile transmission to the superior court a notice of appearance[1] and a notice of conflict letter in which he stated he would be appearing before the Fulton County probate court rather than the Newton County special master on September 15. The fax was not sent to the special master or counsel for appellees, but the special master, upon being made aware of the conflict letter, contacted the attorney's office the morning of September 15 and informed him he was to appear at the special master's hearing if appellees' counsel was not amenable to continuing the hearing. Appellees' counsel declined to agree to a continuance and, when the special master's hearing convened at 2:00 p.m. on September 15, appellants again appeared without counsel and declined to present evidence or cross-examine any of appellees' witnesses in the absence of their attorney. At the hearing on appellants' motion for reconsideration, appellants' attorney informed the trial court that appellants had not decided to retain his services until September 14, the day before the scheduled hearing.

" 'Where parties have a case in court, it is their duty to attend and look after their interests. . . .' [Cit.]" *Haralson County Economic Dev. Corp. v. Hammock*, 233 Ga. 381, 383 (1) (211 SE2d 278) (1974). One who is engaged as a party in a lawsuit "is charged with the legal duty

---

[1] The notice of appearance was not filed in the clerk's office until September 17.

of keeping advised of the progress of the litigation in which he is a party. . . ." *Hill Aircraft &c. Corp. v. Tyler*, 161 Ga. App. 267, 270 (4) (291 SE2d 6) (1982). As the trial court noted, appellants received a three-week continuance when the special master was informed on August 25 that they had retained counsel when, in fact, they had not, and appellants did not retain counsel until the day before the rescheduled hearing. It cannot be said that appellants' retention of counsel the day before a hearing which had been rescheduled three weeks earlier on their representation they were represented by counsel, meets their legal duty to look after their interests and keep up with the progress of the litigation.

"'In order for a defendant to obtain a new trial because of his absence or the absence of his counsel at the trial, it must be shown that the party was without fault, and that he had a good defense to the action. [Cits.]'" *Haralson County Economic Dev. Corp. v. Hammock*, supra, 233 Ga. at 383 (1). Inasmuch as appellants cannot establish that they were without fault with regard to counsel's failure to appear, the special master did not abuse his discretion in denying the request for a continuance and the trial court did not err when it denied appellants' motion for reconsideration.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*E. Earle Burke*, for appellants.
Barbara A. Alderman, *pro se.*
Richard L. Daniel, *pro se.*
Audrey Daniel, *pro se.*