## S06F1572. CROWDER v. CROWDER.

### (642 SE2d 97)

BENHAM, Justice.

Appellant Peggy Blalock Crowder and appellee Timothy S. Crowder, Sr., were married in August 1997 and separated in March 2003. They were divorced upon the entry of the final judgment and decree of divorce in June 2005. Appellant's timely-filed application for discretionary review of the final judgment and decree of divorce was granted in accordance with this Court's Family Law Pilot Project, pursuant to which this Court grants all non-frivolous applications seeking discretionary review of a final judgment and decree of divorce. *Maddox v. Maddox*, 278 Ga. 606, n. 1 (604 SE2d 784) (2004).

The issue on appeal is the trial court's equitable distribution of marital property following a bench trial. In their cross-complaints for divorce, each of the parties listed the real and personal property they contended was acquired during the marriage and subject to equitable division: Husband listed household goods, furnishings, and appliances; three vehicles; and certain monies in checking, savings, pension, retirement and savings accounts; and Wife included the marital residence as well as various retirement, pension and investment accounts as subject to equitable division.[1] In the final judgment and

---

[1] There was evidence presented at the bench trial which established that Husband brought to the marriage a 401(k) savings account containing $3,585, a pension plan with projected future monthly benefits of $1,010 upon Husband attaining age 65 in 2021, and the marital home which he had purchased in 1996 for $90,000 by making a $1,000 down payment and financing $92,700. Wife brought an unencumbered vehicle, $5,000 in a savings account, and a retirement plan with negligible value. Husband's 401(k) was valued at $41,000 in early 2005, Husband's pension plan's projected monthly benefit was $1,967, and the parties refinanced the house for

decree, the trial court ordered Husband to pay Wife $5,000 as an equitable division of property and divided up several pieces of furniture, yard tools and lawn ornaments which the parties had agreed were marital property. Without identifying them as marital or non-marital assets, the judgment went on to award Husband title to the marital residence, two of the three vehicles, and the contents of his checking and savings accounts, his retirement account, and his pension. Wife received title to one vehicle and the contents of her checking and savings accounts, her retirement account, and her pension.

On appeal, Wife contends portions of the marital home, Husband's 401(k) savings account, Husband's pension, and Wife's retirement plan constitute marital property subject to equitable distribution, and asserts the trial court erred when it failed to identify the assets as marital property, to determine the amount of the asset subject to equitable distribution, and then to distribute the marital property equitably.

> The equitable division of property is an allocation to the parties of the assets acquired during the marriage, based on the parties' respective interests. [Cit.] The purpose behind the doctrine of equitable division of marital property is "to assure that property accumulated during the marriage be fairly distributed between the parties." [Cit.] Only property acquired as a direct result of the labor and investments of the parties during the marriage is subject to equitable division. [Cit.] . . . It is a question of law for the court whether a particular category of property may legally constitute a marital or non-marital asset, but whether a particular item of property actually is a marital or non-marital asset may be a question of fact for the trier of fact. [Cit.]

*Payson v. Payson*, 274 Ga. 231, 232 (1) (552 SE2d 839) (2001). An *equitable* division of property does not necessarily mean an *equal* division, and the actual division of the marital property falls within the broad discretion of the factfinder. *Wright v. Wright*, 277 Ga. 133, 134 (587 SE2d 600) (2003).

In the case at bar, each item of property in dispute came to the marriage as the separate property of one of the spouses. Wife recognizes that separate property brought to the marriage remains that

---

$97,150 shortly after they were married and reduced the outstanding principal to $85,994 by March 2003. Husband opined the house was worth $90,000 in 2005 and Wife presented expert testimony the house had a value of $146,000 in 2005. In early 2005, Wife was eligible under her retirement plan for a monthly benefit of $717 upon reaching age 50 in 2007.

spouse's separate property upon dissolution of the marriage, and seeks equitable division of the appreciation in value each asset experienced during the marriage. However, any appreciation in the value of the separate property during the marriage may or may not be separate property, depending on the circumstances giving rise to the appreciation. If the factfinder determines the appreciation is due solely as the result of market forces, the appreciation is the owner's separate property; to the extent the factfinder determines the appreciation is the result of the efforts of either or both spouses, that appreciation is a marital asset. *Bass v. Bass*, 264 Ga. 506, 507 (448 SE2d 366) (1994). Where, as here, a spouse brings an encumbered home to the marriage and it is undisputed that the marital unit reduced the outstanding balance of the encumbrance, a portion of the interest in the home is marital property subject to equitable division. *Snowden v. Alexander-Snowden*, 277 Ga. 153 (587 SE2d 54) (2003). In such a situation, the trial court "must apply the 'source of funds' rule" id., which requires the trial court to determine the non-marital contribution of the spouse who brought the home to the marriage and weigh it against the total marital and non-marital investment in the property to determine the amount of marital property in the home subject to equitable division. *Horsley v. Horsley*, 268 Ga. 460 (490 SE2d 392) (1997). The equitable division of the portion of the home that is marital property is dependent upon, among other things, the present fair market value of the house. Id. Where, as here, there is conflicting evidence of the value of the marital home, the factfinder has a factual determination to make.

In a bench trial, the court sits as the finder of fact and, as such, is charged with the responsibility of determining whether and to what extent a particular item is a marital or non-marital asset and then exercising its discretion and dividing the marital property equitably. The final judgment and decree of divorce entered in the case at bar contains the results of that process but does not contain any findings of fact that clarify the rationale used by the trial court to reach its result. See *Payson v. Payson*, supra, 274 Ga. at 233 (2) (findings of fact are an aid to the appellate court on review and enable parties to complain of and appeal from the judgment rendered); *Pruitt v. First Nat. Bank of Habersham County*, 142 Ga. App. 100 (2) (235 SE2d 617) (1977) (findings of fact effectively cause the trial court to state not only the end result but the process by which the result was reached). However, a superior court judge is not required to make findings of fact in a nonjury trial unless requested to do so by one of the parties prior to the entry of the written judgment (OCGA § 9-11-52 (a); *Payson v. Payson*, supra, 274 Ga. at 233 (2)), and neither party asked the trial court to make findings of fact. Inasmuch as the issues on appeal depend upon the factual determinations made by the

trial court as factfinder and neither party asked the trial court to make factual findings, we are unable to conclude that the trial court's equitable distribution of marital property was improper as a matter of law or as a matter of fact. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

*McNally, Fox & Grant, Patrick J. Fox*, for appellant.
*Leslie W. Wade, Philip S. Coe*, for appellee.