## S07F0312. MATHIS v. MATHIS.
### (642 SE2d 832)

THOMPSON, Justice.

We granted husband's application for a discretionary appeal in this divorce case under this Court's pilot project. On appeal, husband asserts the trial court erred with regard to the equitable division of the parties' property. Finding no error, we affirm.

The parties were married for 14 years; they had no children. When they first married, the parties lived in a house owned by husband. The house was subject to a deed to secure debt, and wife paid the outstanding balance on the debt, $96,741, from her non-marital assets. Later, the parties sold the house and realized $272,152. These funds, as well as marital funds and additional non-marital funds, were used to purchase a new home, which at the time of divorce was valued at $740,000. The parties owned other assets at the time of divorce, including a $1.1 million Synovus account which wife established with non-marital funds, a Sterne Agee account, three automobiles, stock, an index fund, IRAs, a pension, a Thrift Savings Plan, and a condominium (which wife purchased following separation).

Following a bench trial, the court entered a final judgment in which it awarded the marital home to husband, adding that he was to pay wife one-half of the fair market value of the house, or $370,000, within 120 days. In addition, the court awarded husband two of the parties' three automobiles, an IRA in his name with an approximate balance of $356,144, the balance of the Sterne Agee account, stock in several corporations, half of the Thrift Savings Plan, half of the index

fund, and 80 percent of his pension. Wife was awarded an automobile, the Synovus account, an IRA in her name valued at $42,334, a portion of the Sterne Agee account, half of the Thrift Savings Plan, half of the index fund, stock in other corporations, 20 percent of husband's pension, and the condominium (encumbered by a debt which exceeds its equity). The final judgment contains no findings of fact revealing the reasons behind the court's conclusions.

In his enumerations of error, husband asserts the trial court should have awarded him a greater interest in the marital home because he used premarital assets to pay for it. He also contends he was entitled to receive a portion of the Synovus account because (1) much of its growth could be attributed to the deposit of marital earnings, (2) he paid income taxes on the earnings of the account, allowing the account to accumulate more money, and (3) he helped to manage the account. Finally, husband argues that the court erred in failing to give due consideration to the size of wife's separate estate. These enumerations are without merit.

The primary goal of equitable division is to fairly divide the parties' assets, *Payson v. Payson*, 274 Ga. 231 (552 SE2d 839) (2001), keeping in mind that assets can be derived from both marital and non-marital sources. *Hubby v. Hubby*, 274 Ga. 525 (556 SE2d 127) (2001). However, an *equitable* division of property does not necessarily mean an *equal* division, and the actual division of marital property will be upheld as long as it falls within the broad discretion of the factfinder. *Wright v. Wright*, 277 Ga. 133, 134 (587 SE2d 600) (2003). As this Court explained in *Payson v. Payson*, supra at 231, 232:

> The equitable division of property is an allocation to the parties of the assets acquired during the marriage, based on the parties' respective equitable interests. *Byers v. Caldwell*, 273 Ga. 228, 229 (539 SE2d 141) (2000). The purpose behind the doctrine of equitable division of marital property is "to assure that property accumulated during the marriage be fairly distributed between the parties." *Campbell v. Campbell*, 255 Ga. 461, 462 (339 SE2d 591) (1986). Only property acquired as a direct result of the labor and investments of the parties during the marriage is subject to equitable division. *McArthur v. McArthur*, 256 Ga. 762 (353 SE2d 486) (1987). A property interest brought to the marriage by one of the marriage partners is a non-marital asset and is not subject to equitable division since it was in no sense generated by the marriage. *Campbell v. Campbell*, supra, 255 Ga. at 462. See also *Moore v. Moore*, 249 Ga. 27 (2) (287 SE2d 185) (1982). It is a question of law for the court whether a particular category of property may legally constitute a

marital or non-marital asset, but whether a particular item of property actually is a marital or non-marital asset may be a question of fact for the trier of fact. *Franklin v. Franklin*, 267 Ga. 82 (2) (475 SE2d 890) (1996); *Janelle v. Janelle*, 265 Ga. 116 (1) (454 SE2d 133) (1995).

See also *Bass v. Bass*, 264 Ga. 506 (448 SE2d 366) (1994).

In the case at bar, there was conflicting evidence concerning the values of the parties' assets as well as the premarital and marital contributions of each spouse.[1] Thus, the trial court, sitting as the trier of fact in a bench trial, was required to determine whether and to what extent a particular asset is marital or non-marital and then exercise its discretion and divide the marital property equitably. *Crowder v. Crowder*, 281 Ga. 656 (642 SE2d 97) (2007).

> The final judgment and decree of divorce entered in the case at bar contains the results of that process but does not contain any findings of fact that clarify the rationale used by the trial court to reach its result. See *Payson v. Payson*, supra, 274 Ga. at 233 (2) (findings of fact are an aid to the appellate court on review and enable parties to complain of and appeal from the judgment rendered); *Pruitt v. First Nat. Bank of Habersham County*, 142 Ga. App. 100 (2) (235 SE2d 617) (1977) (findings of fact effectively cause the trial court to state not only the end result but the process by which the result was reached). However, a superior court judge is not required to make findings of fact in a nonjury trial unless requested to do so by one of the parties prior to the entry of the written judgment (OCGA § 9-11-52 (a); *Payson v. Payson*, supra, 274 Ga. at 233 (2)), and neither party asked the trial court to make findings of fact. Inasmuch as the issues on appeal depend upon the factual determinations made by the trial court as factfinder and neither party asked the trial court to make factual findings, we are unable to conclude that the trial court's equitable distribution of marital property was improper as a matter of law or as a matter of fact.

*Crowder v. Crowder*, supra.
*Judgment affirmed. All the Justices concur.*

---

[1] For example, in opposition to husband's claims, wife presented evidence that she was entitled to more than one-half the equity in the marital home, and that husband did not help manage the Synovus account.

DECIDED MARCH 26, 2007 —
RECONSIDERATION DENIED APRIL 24, 2007.

*Barr & Warner, Karen D. Barr*, for appellant.
*McCorkle, Pedigo & Johnson, Carl S. Pedigo, Jr.*, for appellee.