S08F0386. DASHER v. DASHER.
(658 SE2d 571)

</div>

CARLEY, Justice.

Stella Dasher (Wife) instituted a divorce action against Ernest Dasher (Husband). After conducting a bench trial, the trial court entered a final decree which did not address the matter of an equitable division of any marital property. Instead, one provision, which was captioned "REAL PROPERTY," identified eight parcels as being "owned and exclusively titled in [Wife's] name," and provided that she "shall retain possession and ownership" of those tracts. Each party was ordered to pay his or her own attorney's fees. Husband filed a motion for new trial. When the trial court denied the motion, he applied for a discretionary appeal, which was granted pursuant to this Court's Pilot Project for domestic relations cases.

1. Husband contends that the trial court abused its discretion by failing to award any marital property to him. Specifically, he urges that four of the eight parcels of real property, although titled exclusively in Wife's name, were acquired during the marriage and, as marital assets, they should have been equitably divided.

Property does not become a marital asset simply because one of the spouses obtains it during the course of the marriage. " '[O]nly property acquired as a direct result of the labor and investments *of*

*the parties* during the marriage is subject to equitable division. (Cit.)' [Cit.]" (Emphasis supplied.) *Wright v. Wright*, 277 Ga. 133 (1) (587 SE2d 600) (2003). "[W]hether a particular item of property actually constitutes a marital or non-marital asset may be a question of fact for the trier of fact to determine from the evidence. [Cit.]" *Bass v. Bass*, 264 Ga. 506, 507 (448 SE2d 366) (1994).

Husband had the burden of proving that the four tracts were marital assets. *Barber v. Barber*, 257 Ga. 488, 489 (3) (360 SE2d 574) (1987). Where, as here, a bench trial is held in a divorce action, the trial

> court sits as the finder of fact and, as such, is charged with the responsibility of determining whether . . . a particular item is a marital or non-marital asset. . . . The final judgment and decree of divorce entered in the case at bar contains the results of that process but does not contain any findings of fact that clarify the rationale used by the trial court to reach its result. [Cits.] However, a superior court judge is not required to make findings of fact in a nonjury trial unless requested to do so by one of the parties prior to the entry of the written judgment ([cits.]), and neither party asked the trial court to make findings of fact. Inasmuch as the issues on appeal depend upon the factual determinations made by the trial court as the factfinder and neither party asked the trial court to make factual findings, we are unable to conclude that the trial court's [failure to make an] equitable distribution of marital property [to Husband] was improper as a matter of law or as a matter of fact.

*Crowder v. Crowder*, 281 Ga. 656, 658-659 (642 SE2d 97) (2007). If, as it appears, the trial court found, as matter of fact, that there was no marital property, then there was no error, as a matter of law, in failing to award Husband a portion of Wife's separate assets.

Husband urges that the lack of a request for findings of fact is not dispositive. He contends that the evidence demanded a finding that the parcels were marital property, so that the failure to award him a portion thereof is an instance of "plain error" which cannot be waived. However, the "plain error" rule has no application in the context of this civil case. *Brooks v. State*, 281 Ga. 514, 516 (2) (640 SE2d 280) (2007) (plain error rule limited to death penalty cases and criminal cases wherein the trial court is alleged to have violated OCGA § 17-8-57).

2. Husband enumerates as error the trial court's failure to order Wife to pay his attorney's fees. Whether to award attorney's fees in a

divorce action is a discretionary matter, and the trial court's determination will not be reversed unless that discretion has been manifestly or flagrantly abused. *Wilson v. Wilson*, 243 Ga. 637 (256 SE2d 334) (1979). A review of the transcript shows that, in accordance with OCGA § 19-6-2 (a) (1), the trial court considered the parties' financial circumstances and that, by requiring each party bear responsibility for the fees of his and her own attorney, it did not abuse its discretion. *Stanley v. Stanley*, 281 Ga. 672, 674 (4) (642 SE2d 94) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 2008 —
RECONSIDERATION DENIED APRIL 11, 2008.

*Adam P. Cerbone*, for appellant.
*Hall & Kirkland, Martha-Ann C. Kirkland*, for appellee.