S09F1457. WINDHAM v. ARAYA.

(690 SE2d 168)

CARLEY, Presiding Justice.

Doreen Araya and Curtis Windham were married in 2002, separated in 2005, and divorced in 2008. The final divorce decree was entered after a bench trial and provided that the proceeds from the sale of a house that Ms. Araya had brought into the marriage, as well as bank and credit union accounts in her name, are her sole and separate property. In another order, the trial court also awarded $10,000 in attorney's fees to Ms. Araya because Windham had been

unnecessarily litigious. Windham filed an application for discretionary appeal, which was granted pursuant to this Court's Pilot Project for domestic relations cases.

1. Windham contends that the trial court erred in failing to apply the "source of funds" rule when it classified the proceeds from the sale of Ms. Araya's pre-marital house as her sole and separate property. "Under this rule, a trial court 'must determine the contribution of the spouse who brought the home to the marriage, and weigh it against the total non-marital and marital investment in the property.' [Cits.]" *Snowden v. Alexander-Snowden*, 277 Ga. 153 (587 SE2d 54) (2003). Contrary to Windham's contention, it appears that the trial court did weigh Ms. Araya's contribution against the non-marital and marital investment in the house. In its final order, the trial court found that Ms. Araya had purchased the house three years prior to the marriage, that she paid $2,000 in earnest money and $19,000 at the closing, that shortly after the marriage she withdrew $30,000 from her pre-marital retirement account to support the parties, and that she sold the house in 2006, after the parties had separated. The trial court also noted Windham's claims that he made several mortgage payments and did handyman work around the house, but found that Windham was unemployed and that the parties were separated during large parts of the marriage, that he did not submit any proof of his alleged mortgage payments or handyman work, and that he did not present "one shred of evidence that he made any contributions to the house." Based on these findings and a review of the record, it appears that

> the trial court correctly applied the legal principle that "(o)nly property acquired as a direct result of the labor and investments of the parties during the marriage is subject to equitable division. (Cit.)" [Cit.] Because [Ms. Araya] brought the house to the marriage, only the subsequent increase in the net equity attributable to marital contributions was a marital asset. [Cit.]

*Wright v. Wright*, 277 Ga. 133 (1) (587 SE2d 600) (2003).

To the extent that Windham contends that the trial court's findings of fact were insufficient and did not address the issue of appreciation in the value of the house, we note that neither party asked the trial court to make any findings of fact in its final order.

> Where, as here, a bench trial is held in a divorce action, the trial "court sits as the finder of fact and, as such, is charged with the responsibility of determining whether . . . a particular item is a marital or non-marital asset. . . . The final

judgment and decree of divorce entered in the case at bar contains [some findings of fact and] the results of that process but does not contain [all the] findings of fact that clarify the rationale used by the trial court to reach its result. (Cits.) However, a superior court judge is not required to make findings of fact in a nonjury trial unless requested to do so by one of the parties prior to the entry of the written judgment (cits.). . . . Inasmuch as the issues on appeal depend upon the factual determinations made by the trial court as the factfinder and neither party asked the trial court to make factual findings, we are unable to conclude that the trial court's (failure to make an) equitable distribution of marital property [to Windham] was improper as a matter of law or as a matter of fact." [Cit.] If, as it appears, the trial court found, as matter of fact, that [the proceeds from the house sale were not] marital property, then there was no error, as a matter of law, in failing to award [Windham] a portion of [Ms. Araya's] separate assets.

*Dasher v. Dasher*, 283 Ga. 436, 437 (1) (658 SE2d 571) (2008).

2. Windham claims that the trial court erred in classifying the bank and credit union accounts held in Ms. Araya's name as her sole and separate property. Although there was evidence that the money held in those accounts came from the proceeds of the sale of Ms. Araya's pre-marital home, the trial court's order does not contain any findings of fact clarifying its rationale for awarding those accounts exclusively to Ms. Araya. Once again, because this issue depends upon factual determinations made by the trial court, and neither party asked the trial court to make findings of fact in its final judgment, we are unable to conclude that the trial court's decision was improper as a matter of fact or law. See *Dasher v. Dasher*, supra; *Crowder v. Crowder*, 281 Ga. 656, 658-659 (642 SE2d 97) (2007).

3. Windham contends that if he prevails on the issues raised above in Divisions 1 and 2, then he was not stubbornly litigious, and the trial court thus erred in awarding attorney's fees to Ms. Araya. Since Windham has not prevailed on the issues raised above, he has not shown that the trial court erred in awarding attorney's fees based on stubborn litigiousness. Compare *Byers v. McGuire Properties*, 285 Ga. 530, 540 (6) (679 SE2d 1) (2009).

4. The trial court gave each party a ten-day period within which to submit letter briefs addressing the issue of attorney's fees. Both parties submitted such briefs, but Windham claims that he was not timely served with a copy of Ms. Araya's letter brief, and therefore the award of attorney's fees was improper. Ms. Araya disputes this

claim, asserting that she mailed a copy of the brief to Windham's attorney within the ten-day period. Regardless of whether the brief was served within the ten-day period, Windham concedes that he did receive a copy of the letter brief several days later, and that he filed a response to it prior to the trial court's ruling on the issue of attorney's fees. Consequently,

> [i]t is clear that [Windham] had a chance to litigate [the issue] on the merits in responding to the [letter brief]. This is not a case where [he] was given no opportunity to respond to the [brief]. . . . Moreover, [Windham] does not show this court what, if any, evidence [or argument he] would have presented to the trial court if given further opportunity to respond. Thus, [he] fails to show any harm resulting from the trial court's ruling. [Cit.]

*Butler v. Bolton Road Partners*, 222 Ga. App. 791, 792 (1) (476 SE2d 265) (1996). See also *Spratt v. Henderson Mill Condo. Assn.*, 224 Ga. App. 761, 765 (3) (b) (481 SE2d 879) (1997) (no error in awarding attorney's fees based upon an untimely filed affidavit).

5. Windham contends that the trial court erred in proceeding with the trial in his absence. The record shows that the parties appeared at a calendar call on October 17, 2008, and announced that they were ready for trial. The parties specifically acknowledged that they could proceed on October 23, 2008, and the trial court informed them that they would be on one-hour call. On the morning of October 22, 2008, the trial court called the parties to notify them that the case would be tried the following morning. When the case was called for trial on October 23, Windham's attorney appeared and told the trial court that Windham lived in Miami and could not make it to Atlanta on short notice.

> " 'Where parties have a case in court, it is their duty to attend and look after their interests. . . .' (Cit.)" [Cit.] One who is engaged as a party in a lawsuit "is charged with the legal duty of keeping advised of the progress of the litigation in which he is a party. . . ." [Cit.] . . . " 'In order for a defendant to obtain a new trial because of his absence or the absence of his counsel at the trial, it must be shown that the party was without fault, and that he had a good defense to the action. (Cits.)' " [Cit.]

*Lett v. Alderman*, 279 Ga. 630, 631-632 (619 SE2d 599) (2005).

In this case, Windham cannot show that he was without fault in being absent from the trial. On the contrary, it is clear that he was

given ample notice of the trial and simply failed to comply with his duty to attend court and look after his own interests. Moreover, since his attorney was present and participated in the trial, and the trial court left the record open for several days after the trial so that he could present additional evidence, it does not appear that there was a good defense to the action which he was unable to present. Accordingly, Windham has not shown that he is entitled to a new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 2010.

*Kaila-Bagwell, Rajeev Kaila, Michael L. Powell*, for appellant. *Tanya M. Graham*, for appellee.