301 Ga. 779
FINAL COPY

S17F1231.  FLESCH v. FLESCH.

HUNSTEIN, Justice.

Following a bench trial, Appellant James R. Flesch ("Husband") and Appellee Debbie W. Flesch ("Wife") were divorced pursuant to an amended final judgment and decree of divorce.  We granted Husband's discretionary application to address whether the trial court erred in: (1) determining that Wife's Vanguard retirement account was her separate, non-marital property; (2) concluding that certain real estate qualified as marital property and was subject to equitable division; and (3) awarding attorney fees to Wife.  Though we agree that the trial court erred in classifying Wife's retirement account as entirely non-marital property, there is no merit to Husband's remaining arguments. Accordingly, we affirm in part, reverse in part, and remand.[1]

---

[1] Because Husband filed his application for discretionary appeal prior to the January 1, 2017 effective date of the Appellate Jurisdiction Reform Act, this Court has jurisdiction over this appeal.  See Ga. L. 2016, p. 883, §§ 3-1, 6-1 (c) (shifting subject matter jurisdiction over "[a]ll divorce and alimony cases" from this Court to the Court of Appeals).

1. In two enumerations, Husband contends that the trial court erred in classifying Wife's Vanguard account as non-marital property and in classifying certain real estate as marital property subject to equitable division.

"The equitable division of property is an allocation to the parties of the assets acquired during the marriage, based on the parties' respective equitable interests." Payson v. Payson, 274 Ga. 231, 231-232 (1) (552 SE2d 839) (2001). In order to equitably divide marital property, the trial court must classify the disputed property as either marital or non-marital, as only marital property is subject to division. See Thomas v. Thomas, 259 Ga. 73, 75 (377 SE2d 666) (1989). Marital property includes real property, personal property, and assets acquired as a direct result of the labor and investment of the parties during the marriage. Crowder v. Crowder, 281 Ga. 656, 657 (642 SE2d 97) (2007). "Whether a particular item of property actually constitutes a marital or non-marital asset may be a question of fact for the trier of fact to determine from the evidence." (Citations and punctuation omitted.) Dasher v. Dasher, 283 Ga. 436, 437 (1) (658 SE2d 571) (2008). This Court reviews those findings of fact pursuant to the "any evidence" rule, "under which a finding by the trial court supported by any evidence must be upheld." Southerland v. Southerland, 278

Ga. 188, 188 (598 SE2d 442) (2004).

In evaluating the merit of Husband's claims, we are mindful of the substantial deference that is afforded to the trial court in classifying and dividing the property of the parties. Mallard v. Mallard, 297 Ga. 274, 278 (773 SE2d 274) (2015).

(a) In its amended final judgment and decree of divorce, the trial court concluded that Wife's Vanguard retirement account was a non-marital asset, finding that Wife "owned" the account prior to marriage. Husband contends that this was error because the record shows — and Wife conceded — that Wife placed marital assets into the retirement account. We agree.

Were there any evidence in the record that "no marital funds were placed into the account and its value . . . rose or fell with the market rather than being the result of any labor or investment made by [Wife] or the parties together during the marriage," the trial court's finding would be sound. See Highsmith v. Highsmith, 289 Ga. 841, 842-843 (716 SE2d 146) (2011). See also Hipps v. Hipps, 278 Ga. 49 (1) (597 SE2d 359) (2004) (entirety of contributions to Husband's retirement account predated marriage and, thus, remained his separate property). The record, however, includes no such evidence. While

3

there is evidence in the record establishing that the *account* predated the marriage, the same cannot be said for the entirety of the *funds* included therein. During direct examination, Wife testified that retirement monies earned or saved during the course of the marriage had been transferred into her Vanguard retirement account; Wife, who is herself an attorney, explicitly acknowledged under oath that she had placed marital assets in the premarital account, and this fact remains undisputed. Accordingly, there is no evidence to support the trial court's finding that the Vanguard account is entirely Wife's separate, premarital property, and, thus, the finding was reversible error; this case is remanded for the trial court to determine what portion of the Vanguard retirement account is marital property, see Thomas v. Thomas, supra, and to equitably divide that portion of the account.

(b) Husband also contends that the trial court erred in finding that a townhouse in Doraville, Georgia, was marital property. Specifically, Husband argues that the evidence shows that the townhouse was purchased for the benefit of, and held in trust for, an individual named Thi Vu, thus creating an implied purchase money resulting trust. See OCGA § 53-12-131 (a) ("A purchase money resulting trust is a resulting trust implied for the benefit of the person

4

paying consideration for the transfer to another person of legal title to real or personal property."). We find no error.

As an initial matter, though Husband argued below that the townhouse and any equity therein rightfully belonged to Vu, Husband failed to advance the "implied purchase money resulting trust" theory. This distinction is not, as Husband suggests, a mere formality or a matter of semantics. Indeed, Husband presented a completely different theory below, arguing that any agreement between Husband and Vu regarding the townhouse was "completely unenforceable" but that Vu should retain the property as a matter of "equity." Thus, we agree with Wife that Husband is advancing this legal argument for the first time on appeal and, accordingly, that this Court need not consider it. See, e.g., Gotel v. Thomas, 277 Ga. 532, 533 (592 SE2d 78) (2004). Nevertheless, even if the argument were preserved, Husband is still not entitled to relief.

During trial, the court heard testimony that the townhouse was purchased during the course of the marriage without the knowledge of Wife, that it was purchased using a mortgage secured in Husband's name, and that Husband purchased furniture for the residence. The trial court also received evidence that the townhouse was originally titled to two people, Husband and Pheera Phan Pai

(Vu's now ex-wife and Husband's former paramour), and that a lease-to-own agreement was executed between Husband and Pai; the trial court also learned that, when Pai later left the country permanently, Pai conveyed her interest in the real estate back to Husband. According to Husband, he was merely a broker, and the funds to pay for the townhouse and all associated expenses, including furniture, were borne exclusively by Vu and Pai. The trial court, however, concluded that the townhouse was marital property and awarded 60% of the equity in the townhouse to Wife.

Even if the evidence *could* be interpreted to support a finding that Husband held the townhouse in trust for Vu, the trial court was not required to make such a finding, and the trial court could have reasonably rejected Husband's testimony that he was merely a broker in the transaction.[2] As referenced above, "[i]n a bench trial, the court sits as the finder of fact and, as such, is charged with the responsibility of determining whether and to what extent a particular item is a marital or non-marital asset and then exercising its discretion and dividing the marital property equitably." Crowder, 281 Ga. at

---

[2] Husband does not argue that the townhouse was purchased with non-marital money or that the townhouse is his separate property.

658. The amended final judgment and decree of divorce entered in this case does not contain any findings of fact that clarify the rationale used by the trial court to reach its conclusion that the townhouse was marital property, and the trial court was not required to make any such findings absent a request of one of the parties. Id. Because resolution of this argument depends upon the factual determinations made by the trial court as factfinder and neither party asked the trial court to make factual findings, we cannot conclude that the trial court's finding that the townhouse was marital property was improper as a matter of law or as a matter of fact. Dasher, 283 Ga. at 437.

2. Finally, Husband contends that the trial court erred in awarding attorney fees to Wife pursuant to OCGA § 19-6-2. We disagree.

An award of attorney fees as part of the expenses of divorce litigation is left to "the sound discretion of the [trial] court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party[.]" OCGA § 19-6-2 (a) (1). A trial court's decision to exercise its discretion to award attorney fees pursuant to OCGA § 19-6-2 will not be disturbed on appeal unless that discretion is manifestly or flagrantly abused. Hoard v. Beveridge,

7

298 Ga. 728, 730 (2) (783 SE2d 629) (2016).

Here, at the time of the fee award, the trial court was intimately familiar with the parties' finances, and the order awarding attorney fees plainly reflects that the trial court considered the financial circumstances of both parties, including the parties' disparate incomes. See Rieffel v. Rieffel, 281 Ga. 891 (1) (644 SE2d 140) (2007). The fee award also reflects that the trial court received and considered evidence regarding the rates and fees charged by Wife's attorney, which the trial court found reasonable. Also, contrary to Husband's argument on appeal, the mere fact that Wife was not awarded periodic alimony does not preclude the fee award. See Scott v. Scott, 251 Ga. 619, 620 (3) (308 SE2d 177) (1983). Accordingly, we find no abuse of discretion in the trial court's award of $20,676.19 in attorney fees.

Judgment affirmed in part and reversed in part, and case remanded. All the Justices concur.

Decided August 14, 2017.

Domestic relations. DeKalb Superior Court. Before Judge Barrie.

<u>Meriwether & Tharp, Joann Brown-Williams, Robin K. Love, Courtney</u> <u>H. Carpenter</u>, for appellant.

<u>Berk & Moss, Stephen J. Berk</u>, for appellee.

9