**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 14, 2018**

# In the Court of Appeals of Georgia

A18A0164. ALFARO v. ALFARO.

BETHEL, Judge.

Gloria Alfaro appeals from the trial court's order granting a divorce from Johnny Alfaro. She argues that the trial court erred by awarding Johnny her separate and marital property. Because neither party asked the trial court to make factual findings, we are unable to conclude that the trial court's equitable distribution of marital property was improper as a matter of law or as a matter of fact. Accordingly, we affirm.

Johnny and Gloria were married in 1982, and in 2017, the trial court entered a final judgment and decree of divorce. At issue on this granted discretionary appeal is the trial court's disposition of the house (and its associated equity) in which the couple resided, as well as various items of furniture in the house.

Johnny and Gloria gave drastically different testimony regarding the events preceeding their divorce. Gloria testified that she and her mother put down a deposit to purchase the house in which the couple resided. Gloria testified that she had lived at the house since 1991, and "in and out after 2011." Gloria further stated that up until 2010 when she discovered that Johnny was having a relationship with Gloria's cousin, she maintained a familial and sexual relationship with Johnny. Gloria would usually stay at the house and she would purchase groceries and other household items and come to the house to cook, clean, do household chores, and look after the children. Gloria's nephew testified that whenever he came to the house, Gloria was there cooking and cleaning. Gloria testified that she was unable to stay at the house full-time due to Johnny's drinking problem and domestic violence incidents between the couple. The parties agree that Johnny paid the household bills and that the house is in Johnny's name. However, Gloria testified that much of the furniture inside the house was donated to her by individuals for whom she worked cleaning houses.

Johnny testified that he and Gloria separated in 2002 when Gloria left the house. When asked whether Gloria continued to come to the house after this time, Johnny conceded it was "possible" because he worked 11 hour days and the couple's three minor children were there.

Following a hearing, the trial court awarded the house and the furniture inside of it to Johnny and assigned all responsibility for any associated expenses to him. This appeal followed.

Gloria contends that the trial court erred in awarding the house and furniture to Johnny because some of this property was separate and because the remaining marital property should have been divided equitably. This enumeration lacks merit.

"Division of property in a divorce action is a two step process." *Goldstein v. Goldstein*, 262 Ga. 136, 136 (1) (414 SE2d 474) (1992). First, the property must be classified as either marital or non-marital, as only marital property is subject to division. *See id. See also Flesch v. Flesch*, 301 Ga. 779, 780 (1) (804 SE2d 67) (2017). "Second, the marital property must be divided, not necessarily equally, but equitably. The first step is a question of law; the second step is a matter held in the trial court's discretion." *Goldstein*, 262 Ga. at 136 (1) (citation omitted). Marital property is that "acquired as a direct result of the labor and investments of the parties during the marriage[.]" *Pina v. Pina*, 290 Ga. 878, 878 (725 SE2d 301) (2012) (citation omitted).

While which items of property can legally constitute a marital or non-marital asset is a question of law for the court, "whether a particular item of property actually

constitutes a marital or non-marital asset may be a question of fact for the trier of fact to determine from the evidence." *Wright v. Wright*, 277 Ga. 133, 133 (1) (587 SE2d 600) (2003) (citation omitted). This Court reviews those findings of fact pursuant to the "any evidence" rule, "under which a finding by the trial court supported by any evidence must be upheld." *Flesch*, 301 Ga. at 780 (1). Further, "the actual division of marital property will be upheld as long as it falls within the broad discretion of the factfinder." *Mathis v. Mathis*, 281 Ga. 865, 866 (642 SE2d 832) (2007) (citation omitted).

In the case at bar, there was conflicting evidence concerning the marital contributions of each spouse. Thus, the trial court, sitting as the trier of fact in a bench trial, was required to determine whether and to what extent a particular asset is marital or non-marital and then exercise its discretion to divide the marital property equitably. *See Mathis*, 281 Ga. at 867. Here, the trial court recognized that the house was marital property but awarded any interest in it to Johnny and not Gloria. Further, the trial court awarded to each party the personal property that was currently in their possession, which for Johnny, included the furniture in the house.

The final judgment and decree of divorce entered in the case at bar contains the results of the trial court's determination of whether and to what extent each asset was

4

marital or non-marital, and its attempt to divide any marital property equitably. But the judgment does not contain any findings of fact that clarify the rationale used by the trial court to reach its result.

> However, a superior court judge is not required to make findings of fact in a nonjury trial unless requested to do so by one of the parties prior to the entry of the written judgment, and neither party asked the trial court to make findings of fact.[1] Inasmuch as the issues on appeal depend upon the factual determinations made by the trial court as factfinder and neither party asked the trial court to make factual findings, we are unable to conclude that the trial court's equitable distribution of marital property was improper as a matter of law or as a matter of fact.

*Mathis*, 281 Ga. at 867 (citations omitted). For this reason, we affirm.

*Judgment affirmed. Ellington, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[1] Indeed, Gloria did not make such a request until *after* the written judgment had been entered.