**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 21, 2023**

# In the Court of Appeals of Georgia

A23A0180. STONEWALL v. STONEWALL.

MARKLE, Judge.

Gregory Stonewall appeals from the trial court's division of property awarding his former wife, Nasha Stonewall, a home in Fayetteville, Georgia; a pool table; and a television. For the reasons that follow, we affirm the award giving Nasha the pool table and television, vacate the award as to the Fayetteville home, and remand the case with direction for the trial court to clarify which party is to hold title to the home.

"In the appellate review of a bench trial, we will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses. But when a question of law is at issue, we review the trial court's decision de novo."

(Citation and punctuation omitted.) *Daniel v. Daniel*, 358 Ga. App. 880, 881 (856 SE2d 452) (2021).

So viewed, the record shows that Gregory and Nasha were married in December 2013. They have no children together, but each has a child from a prior relationship. Before the marriage, Gregory purchased rental properties in Texas and a home in Fayetteville, Georgia, in which he lived alone until he and Nasha married. Following his retirement from law enforcement in 2016, Gregory used the income from his pension, his retirement account, and his rental properties to pay down the mortgages on the Fayetteville home and his Texas properties.

In 2020, Gregory filed a complaint for divorce. Nasha filed a counterclaim for divorce, requesting alimony and attorney fees. The trial court issued a temporary order, directing that Nasha would have exclusive temporary use and possession of the Fayetteville home, with Gregory responsible for the mortgage and maintenance, and Gregory would have exclusive use and possession of his Texas rental properties. During a bench trial, both parties testified and the court heard from an expert regarding the valuation of the pension and retirement accounts. Based on the evidence presented, the trial court found the Texas properties were separate properties, rather than marital assets, and it awarded them to Gregory. It also awarded Gregory all of

his retirement and pension accounts. The trial court awarded the exclusive use and possession of the Fayetteville home to Nasha, making her responsible for its mortgage and other expenses. In dividing the property, the trial court weighed the equities and cited factors relevant to equitable distribution of marital assets. With respect to the tangible property in the home, the trial court awarded the downstairs television, pool table, and various other furnishings to Nasha. The court instructed the parties to "complete and execute all legal documents necessary to transfer title from and into the proper entity or person so as to effectuate the provisions of this decree" within ten days of the order. Neither party requested the trial court make specific factual findings. See *Windham v. Araya*, 286 Ga. 501, 502-503 (1) (690 SE2d 168) (2010).

Thereafter, Gregory filed his application for discretionary appeal, and while that was pending, Nasha moved to modify the judgment to clarify who would obtain title to the Fayetteville home. It does not appear that the trial court ruled on this motion.

We granted Gregory's discretionary application,[1] and Gregory now appeals, arguing that the trial court erred by (1) failing to properly dispose of the Fayetteville

---

[1] Gregory initially filed his application in the Supreme Court of Georgia, which transferred the case to this Court.

3

home, in which both parties have an interest; (2) failing to classify marital and non-marital property as to the Fayetteville home; (3) failing to apply the "source of funds" rule to the equitable division of the Fayetteville home; and (4) awarding Nasha the pool table and television because Gregory owned those items prior to the marriage. We address each argument in turn.

1. *Disposition of the Fayetteville home.*

In related arguments, Gregory contends that the trial court erred in its disposition of the Fayetteville home because the court did not specify who would obtain title to the property and the equity in the home; failed to classify the Fayetteville home as marital property or determine what portion of it was marital property before attempting an equitable division; and did not apply the "source of funds" rule to the equitable division of the home. Because the trial court did not expressly specify in its order who would hold title, we must vacate the trial court's order, and remand the case with direction to the trial court to specify who retains title. We find no error with regard to Gregory's other arguments.

(a) *Title.*

It has long been the rule that title to property not described in a verdict or judgment is unaffected by the decree and remains titled in the

4

name of the owners as before the decree was entered. The rule of law is clear that a divorce decree must specifically describe and dispose of property in which both parties have an interest or the decree will not divest either party of their interest in the property.

(Citation and punctuation omitted.) *Messaadi v. Messaadi*, 282 Ga. 126, 127 (1) (646 SE2d 230) (2007); see also *Daniel*, 358 Ga. App. at 889 (2) (a) ("[w]here the trial court's divorce decree did not otherwise provide, the property remains titled as it was before the divorce decree was entered").

Here, although the decree as a whole implies that the trial court awarded Nasha the title to the home, it did not explicitly do so. Instead, it indicated that the parties should arrange to execute all legal documents necessary to transfer title to the disputed properties in general. Gregory argues that the trial court's order is ambiguous as to the disposition of the home, and that the court's use of the phrase "exclusive use and possession" must mean that the court awarded the home as joint tenants in common. In support of this claim, he cites our recent decision in *Daniel*, 358 Ga. App. at 890 (2) (b). But this reliance is misplaced. Although the trial court in both *Daniel* and the present case granted exclusive use and possession to a single party, the trial court in *Daniel* also specified in the decree that the parties were joint tenants. Id. The trial court here made no such award, and we do not conclude that the

5

award is ambiguous. Nevertheless, as Nasha concedes, the trial court's order failed to specify who would retain title to the home.[2] As a result, we must vacate the order with regard to the disposition of the home, and remand the case with direction to clarify who holds title to the property.

(b) *Classification of property as marital*.

"In order to divide marital property on an equitable basis, a trial court must first classify property as marital or non-marital." *Dixon v. Dixon*, 352 Ga. App. 169, 171 (1) (834 SE2d 309) (2019); see also *Flory v. Flory*, 298 Ga. 525, 526 (783 SE2d 122) (2016).

> Marital property includes real property, personal property, and assets acquired as a direct result of the labor and investment of the parties during the marriage. Whether a particular item of property actually constitutes a marital or non-marital asset may be a question of fact for the trier of fact to determine from the evidence. [We] review[] those findings of fact pursuant to the "any evidence" rule, under which a finding by the trial court supported by any evidence must be upheld.

---

[2] This is not a "clerical error," as Nasha contends, because it impacts the substantive rights of the parties. See *Torres v. Torres*, 364 Ga. App. 695, 700-701 (1) (875 SE2d 881) (2022).

(Citations and punctuation omitted.) *Flesch v. Flesch*, 301 Ga. 779, 780 (1) (804 SE2d 67) (2017). When we review the trial court's division of property, "we are mindful of the substantial deference that is afforded to the trial court in classifying and dividing the property of the parties." Id. And, although "each spouse is entitled to an allocation of the marital property based upon his or her respective equitable interest therein, an award is not erroneous simply because one party receives a seemingly greater share of the marital property." (Citation and punctuation omitted.) *Harmon v. Harmon*, 280 Ga. 118 (622 SE2d 336) (2005); see also *Dupree v. Dupree*, 287 Ga. 319, 321 (3) (695 SE2d 628) (2010); *Daniel*, 358 Ga. App. at 888-889 (2).

Here, the evidence showed that Gregory paid down the debt on the Fayetteville home during the marriage. The trial court had minimal evidence, other than a mortgage statement and transactions showing the mortgage was reduced significantly during the marriage. The trial court's order acknowledged the need to classify the property as marital or non-marital, and it noted that equitable division did not necessarily mean an equal division. The court then considered the various properties, the relevant factors, and awarded the marital home to Nasha and the Texas properties to Gregory. In doing so, the court explained that, "the Court has determined that whatever percentage of marital property [Nasha] contends is subject to equitable

7

division is more than offset by the remaining division of real property, personal property, and debts[.]"

As the dissent correctly notes, a trial court may not "treat a portion of the husband's separate property as marital property in order to satisfy his perception of the equities of the case." *Thomas v. Thomas*, 259 Ga. 73, 75 (377 SE2d 666) (1989). But, we cannot say that the trial court has done so in this case. In fact, unless the record shows otherwise, we will presume the trial court correctly applied the law. *Dallow v. Dallow*, 299 Ga. 762, 777 (4) (791 SE2d 20) (2016); see also *Crowder v. Crowder*, 281 Ga.656, 658-659 (642 SE2d 97) (2007). The dissent would have us ignore that presumption, but we should not do so here. Importantly, neither party requested factual findings prior to the entry of a written judgment. And where, as here, the arguments raised on appeal depend upon the court's specific factual findings and none were requested, we cannot conclude or presume that the court's distribution of property was improper. *Windham*, 286 Ga. at 503 (1); *Crowder*, 281 Ga. at 658-659.

(c) *Source of funds*.

Property that once may have been separate — such as gifts, inheritances, or pre-marital property — may be converted into a marital

8

asset if a spouse takes action manifesting an intent to transform that separate asset into marital property. . . . If an asset received both marital and non-marital contributions, and was not later gifted to the marital unit, then the court should apply the "source of funds" rule. The source of funds rule provides that a spouse contributing non-marital funds toward the acquisition of property is entitled to an interest in the property in the ratio of the non-marital investment to the total non-marital and marital investment in the property. The spouse who contributes non-marital funds and the marital unit that contributes marital funds each receive a proportionate and fair return on their investment. A typical application of this rule involves the equitable division of the parties' respective interests in a marital home which was brought to the marriage by one spouse as his or her separate property. That is because the house is not to be considered as a single unit, but as two separate units — one nonmarital and one marital.

(Citations and punctuation omitted.) *Calloway-Spencer v. Spencer*, 355 Ga. App. 743, 744-745 (845 SE2d 715) (2020).

As noted above, neither party requested factual findings. The record shows that the trial court recognized the standard and applied the "source of funds" rule to award Nasha the Fayetteville property. The trial court explained that this distribution was equitable because Gregory used marital funds to pay down the mortgages on the Fayetteville house, as well as his Texas properties. In the absence of a request for

9

specific factual findings, the trial court's order is sufficient to show that it conducted the proper analysis, and Gregory has not shown that the trial court erred. *Windham*, 286 Ga. at 502-503 (1); *Crowder*, 281 Ga. at 658-659.

2. *Disposition of personalty*.

Gregory next argues that the trial court erred in awarding Nasha the pool table and downstairs television because these items were separate property purchased before the marriage.[3] We disagree.

Importantly, the record is devoid of any evidence, other than Gregory's testimony, that these items belonged to Gregory prior to the marriage. The trial court noted that it did not find Gregory to be credible with regard to certain allegations, and he has not proffered any other evidence proving that these items were separate non-marital property. The trial court's credibility determinations are entitled to deference. *Daniel*, 358 Ga. App. at 881. And again, neither party requested factual findings. As a result, Gregory has not shown any error in the order awarding Nasha this property. *Windham*, 286 Ga. at 502-503 (1); *Crowder*, 281 Ga. at 658-659.

---

[3] The trial court also awarded Nasha other furnishings from the home. Gregory does not challenge these awards on appeal and has abandoned them. *Massey v. State Farm Fire & Cas. Co.*, __ Ga. App. __ (871 SE2d 685, 689-690) (2022); Court of Appeals Rule 25 (d) (1).

Accordingly, for the reasons discussed above, we affirm the trial court's award of the pool table and television to Nasha, but we vacate the order with regard to the Fayetteville home, and remand with direction to the trial court to clarify who is to retain title to this property.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Brown, J. concurs. McFadden, P. J.,concurs in Divisions 1 (a) and (c), and Division 2, and dissents in Division 1(b).*

# In the Court of Appeals of Georgia

A23A0180. STONEWALL v. STONEWALL.

MCFADDEN, Presiding Judge, concurring in part and dissenting in part.

I agree with the majority that we should remand so that the trial court can "clarify who is to retain title to this property[, the Fayetteville home]." But I cannot agree with rejection of the appellant/husband's argument that the trial court "failed to classify the Fayetteville home as marital property or determine what portion of it was marital property before attempting an equitable division." So I concur in all of the majority opinion except for Division 1 (b), to which I dissent.

The trial court begins his Final Judgement and Decree of Divorce by correctly reciting his duty to distinguish separate property from marital property and the criteria

2

for doing so. But he does not apply those criteria correctly. Indeed, he does not clearly hold that any of the parties' property is either separate or marital.

He does entitle Division 3, in which he awards investment property in Texas to the appellant/husband, "Separate Property," and he does award those properties to the husband, "as his separate property." But he also acknowledges the appellee/wife's argument that certain portions of the parties' interest in them is marital property and holds that he has "determined that whatever percentage of marital property the wife contends is subject to equitable division is more than offset" by other parts of the decree.

That is not proper. A court is "not permitted to treat" separate property as marital or marital property as separate. *Thomas v. Thomas*, 259 Ga. 73, 75 (377 SE2d 666) (1989). This division by the trial court is an award to the husband, and the wife did not cross appeal. But, for reasons discussed below, the trial court may want to revisit it on remand.

The trial court apparently treats all of the other property as marital. But he does not say so expressly. And particularly as to the marital residence, that treatment is not sustainable.

3

It is undisputed that the Fayetteville residence is partially marital and partially the husband's separate property. As the husband notes, the wife conceded that only a portion of the equity in the residence is marital property: her attorney argued to the trial court that "the amount of the marital portion of the Fayette[ville] house would be 59.46 percent." Given this concession, "[t]he court was not permitted to treat a portion of the husband's separate property as marital property in order to satisfy his perception of the equities of the case." *Thomas*, supra.

So the case should be remanded with the additional instruction that the trial court enter a judgment agreeable to the holding of *Thomas* and its line.