## S13F0339. ARTHUR v. ARTHUR.
### (743 SE2d 420)

BENHAM, Justice.

This appeal is from the grant of a discretionary application pursuant to Rule 34 (4) of the Rules of the Supreme Court of Georgia. Appellant Troy Lee Arthur and appellee Vanessa Vickers Arthur were married in April 1995 and are the parents of two minor boys. Husband filed for divorce in October 2010, with Wife filing a counterclaim for divorce shortly thereafter. Following a bench trial, the trial court entered the final judgment and decree on January 31, 2012 ("final judgment"), that awarded the parties joint legal custody of the children, with Wife given primary physical custody and ultimate decision-making authority.

The final judgment also made an equitable division of marital property that, among other things, awarded the marital home to Wife after finding that Husband stated he did not want it. Without making a finding regarding the value of the marital estate, the final judgment made the award of the marital home subject to Wife's obligation to assume and hold Husband harmless from the existing indebtedness on the property. It also required Wife to use her best effort to refinance the indebtedness in order to remove Husband from the indebtedness and generate funds to pay Husband $20,000 for his interest in the marital home and, if not successful in refinancing the home, then "in the event the house is sold in the future" to pay said sum to Husband with interest from the date of the decree. The final judgment acknowledged that the parties previously had divided a portion of the remaining marital property and announced in court an agreement had been reached regarding the division of the remainder of the

marital property. Neither party was awarded alimony. Husband filed a motion for new trial which was denied.

Finding fault with the trial court's equitable division of marital property and with the grant of physical custody of the children to Wife, Husband filed an application for discretionary review of the trial court's final judgment and the order denying the motion for new trial. In granting the application, this Court expressed itself as particularly concerned with: whether the trial court erred by failing to make specific findings of fact and conclusions of law in response to Husband's request made pursuant to OCGA § 9-11-52; and whether the trial court erred in its division of marital property by allowing Wife to delay the ultimate division of the marital home's value for an indefinite period of time.

1. Husband asserts the trial court abused its discretion in awarding custody of the parties' two minor children to Wife. Husband timely requested findings of fact and conclusions of law. The final judgment contains the finding that Wife has been the primary caretaker of the minor children. In support of this enumeration of error Husband relies upon additional evidence presented at the hearing relevant to the award of child custody. Neither parent contends that the other is an unfit parent.

> Where the trial court has exercised its discretion and awarded custody of children to one fit parent over the other fit parent, this Court will not interfere with that discretion unless the evidence shows the trial court clearly abused its discretion. Where there is any evidence to support the decision of the trial court, this Court cannot say there was an abuse of discretion.

*Welch v. Welch,* 277 Ga. 808, 809 (596 SE2d 134) (2004) (citation omitted). See also *Cook v. Cook,* 280 Ga. 768 (1) (632 SE2d 664) (2006). As noted, Husband requested specific findings of fact and conclusions of law pursuant to OCGA § 9-11-52 (a).[1] Nevertheless, because the final judgment contains a finding of fact supported by the evidence that is sufficient to support the award of custody to Wife and from which this Court may make a meaningful appellate review of the award, we find no abuse of discretion and affirm the final judgment with respect to the award of custody.

---

[1] We note that Husband did not make a request for specific findings of fact regarding the award of child custody pursuant to OCGA § 19-9-3 (a) (8), which sets forth certain details required to be made in response to such a request.

2. We also address the issue of whether the trial court erred in its division of marital property in allowing the Wife to delay the ultimate payment of funds to Husband for an indefinite period of time.

(a) With respect to the marital property other than the marital home, the trial court found the parties had previously split certain property and had announced to the court that they agreed to the division of the remaining property. Accordingly, the final judgment awarded the parties their respective motor vehicles and assigned each party the obligation to pay any indebtedness on their respective vehicle; awarded Husband two boats along with the duty to pay any indebtedness on them; awarded each party the retirement account held in that party's name; and awarded each party any and all personal property currently in that party's possession. There appears to be no dispute regarding whether the property awarded to the parties was marital property or with respect to the value of the retirement accounts, boats, certain fishing equipment in Husband's possession and the equity in the marital home, which was estimated to be $78,000. Husband asserts, however, that the trial court abused its discretion with respect to the amount awarded to him from the equity in the marital home without setting forth any findings as to the factual basis for the award.

Unless otherwise specifically provided, the Civil Practice Act applies to actions for divorce, alimony and custody of minor children. OCGA § 19-5-8. Accordingly, where, as in this proceeding, a party makes a timely request pursuant to OCGA § 9-11-52 (a), "the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law." Husband filed his written request for findings of fact and conclusions of law pursuant to OCGA § 9-11-52 (a) after the hearing in this matter but before the judgment was entered and thus his request was timely. See *Payson v. Payson*, 274 Ga. 231 (2) (552 SE2d 839) (2001). He also preserved his right to appeal the adequacy or incompleteness of the findings or conclusions of law to support the judgment by filing a timely motion for new trial. See OCGA § 9-11-52 (c); *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589 (2) (690 SE2d 397) (2010).

In *Driver v. Driver*, 292 Ga. 800, 802 (2) (741 SE2d 631) (2013), this Court found "no error in the trial court's failure to make a precise finding of the total value of the marital estate before determining an equitable division." In *Driver*, the request for findings of fact was made by post-judgment motion pursuant to OCGA § 9-11-52 (c) and thus findings of fact were not mandatory but subject to the trial court's discretion. See *Hunter v. Hunter*, 289 Ga. 9, 12 (5) (709 SE2d 263) (2011). In this case, however, Husband made a timely request

pursuant to OCGA § 9-11-52 (a) and thus findings of fact and conclusions of law were mandatory. Further, in the *Driver* case numerous specific facts relating to the value of the marital property and other factors considered by the trial court in arriving at the equitable division of marital property were set forth in the final judgment, some of which were recited in this Court's opinion. See *Driver*, supra at 804 (4). By comparison, in this case, with respect to equitable division of the marital home, the final judgment simply awards the home to Wife. In fact, no finding is made that Husband is entitled to any equitable division of that asset, though it may be inferred that the trial court found Husband's equitable interest in the marital home to be $20,000 based upon the court's instruction to Wife to pay Husband that amount if and when the home is refinanced or sold.

It is not the intent of this Court to require a trial court to make a precise finding of the total value of the marital estate before determining an equitable division of property. Nevertheless, as this Court signaled in *Crowder v. Crowder*, 281 Ga. 656, 658 (642 SE2d 97) (2007), when one of the parties makes a request pursuant to OCGA § 9-11-52 (a), this triggers, at a minimum, a requirement that the judgment contain not just the results of the trial court's exercise of discretion in arriving at the equitable division of marital property but also sufficient findings of fact to "clarify the rationale used by the trial court to reach its result."[2] *Crowder*, supra at 658. To hold otherwise would render a request under OCGA § 9-11-52 (a) in a division of marital property case meaningless. The degree of detail to be set forth in findings of fact in a final judgment awarding equitable division of marital property should, as a practical matter, depend upon the degree of complexity of the issues presented. In a case such as this one, where the equitable division of the marital estate is simple and straightforward, less detail is required. Nevertheless, that portion of the final judgment dealing with the equitable division of the parties' marital home is vacated and remanded for the trial court to make sufficient findings of fact and conclusions of law to support its award.

(b) With respect to the marital home, it appears the trial court intended Husband to receive $20,000 as part of his equitable award of marital property in exchange for awarding the home to Wife. The

---

[2] *Crowder* involved a factual dispute not only as to the equitable division of marital property but also the application of the "source of funds" rule with respect to the determination of the value of the marital and non-marital contribution of the spouses to certain property that one spouse brought into the marriage. Nevertheless, the discussion regarding the requirement for specific findings of facts and conclusions of law when properly requested is equally applicable to a case in which the sole issue is the equitable division of assets that are undisputedly marital property. See 281 Ga. at 658.

final judgment, however, does not result in a definite payment of $20,000 to Husband. Instead, as entered, no payment at all is required to be made to Husband if Wife is unable to refinance the home and never sells it. An obligation of a party relating to the equitable division of property may not be extended for an indefinite period of time. See *Sapp v. Sapp*, 259 Ga. 238 (4) (378 SE2d 674) (1989). Accordingly, that portion of the final judgment that provides an indefinite period of time for the Wife to pay Husband $20,000 is reversed.

3. Husband's assertion that the trial court erred in failing to make specific findings of fact and conclusions of law is addressed in Divisions 1 and 2 (a). As set forth above, with respect to the division of the marital home, that portion of the final judgment is vacated and remanded with instructions.

4. Given this Court's ruling, Husband's assertion that the trial court erred in denying his motion for new trial is moot.

*Judgment affirmed in part, reversed in part, and vacated in part, and case remanded with direction. All the Justices concur, except Hunstein, C. J., and Nahmias, J., who concur in judgment only.*

DECIDED MAY 20, 2013.

*Ben Kirbo*, for appellant.
*Joshua C. Bell*, for appellee.