**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 10, 2024**

# In the Court of Appeals of Georgia

A24A0779. BLOUNT v. BLOUNT.

LAND, Judge.

In this divorce action, we granted Debra Neil Blount ("Wife")'s application for discretionary review of the trial court's final divorce decree from her husband Edward Victor Blount ("Husband"). Wife argues that the trial court erred by ordering her to pay a lump sum to Husband, by not requiring Husband to refinance the marital home in his name, by granting Husband's motion to compel, and by ordering her to pay attorney fees to Husband under OCGA § 9-11-37 . For the following reasons, we affirm in part, but we reverse portions of the trial court's order granting Husband's motion to compel and vacate the award of attorney fees to Husband. We therefore remand to the trial court for further proceedings not inconsistent with this opinion.

The record shows that Husband and Wife were married in December 2007, separated in August 2021, and had no minor children. When the parties married, Wife was working part-time and had recently purchased a home in Texas that she had financed on her own. Husband was about to retire from AT&T and had accumulated several hundred thousand dollars in retirement assets, a home, and rental properties. They purchased a marital home in 2010, utilizing Husband's retirement assets to purchase and renovate the home, and titled the home in both of their names. Wife then took out a mortgage against the property to pay the tax liability associated with cashing out Husband's retirement accounts.

In 2014, the parties started a business called Consumer Focus Insurance ("CFI"). Wife also operated a second business, Mr Favorite Boy Matthew, LLC ("MFBM"), during the course of the marriage. At the time of the parties' divorce, Husband was 68 years old and receiving social security benefits, and Wife was 55 years old and operating both businesses.

After a bench trial, the trial court determined that the marital home and businesses were marital assets subject to equitable division, as were the parties' cash accounts, retirement accounts, life insurance, debts, and personal property.

At issue in this appeal are the trial court's division of the marital residence, the two businesses, and a lump sum awarded to Husband. The final divorce decree held, in pertinent part, that the marital residence had a fair market value of somewhere between $540,000 to $725,000. The trial court found that there were two debts on the marital residence: a home equity line of credit with a balance of $12,000, and a mortgage with a balance of $92,000. The trial court awarded the marital residence to Husband and held that Husband shall "timely pay the mortgage owed to Ally Bank (in [Wife's] individual name) with an approximate balance of $92,000." The trial court's order did not require Husband to refinance the mortgage in his name, instead ordering that Husband pay the mortgage pursuant to its terms and hold Wife harmless and indemnify her from any failure to do so. The trial court also ordered that Wife should "not take any action to alter the mortgage terms, interest rate, and/or the balance owed to Ally Bank," and required Wife to grant Husband access to her online account with the mortgage servicer. The trial court also ordered Wife to pay the balance of the HELOC account. The final divorce decree awarded the couple's two businesses, CFI and MFBM, and their assets to Wife and ordered Wife to pay a lump sum of $125,000 to Husband.

Under Georgia law, where a bench trial is held, whether a particular item of property constitutes a marital asset may be a question for the trial court to determine from the evidence as the trier of fact. *Dasher v. Dasher*, 283 Ga.436, 436-437 (1) (658 SE2d 571) (2008). In an equitable division of marital property, each spouse is entitled to "an allocation of the marital property based upon his or her respective equitable interest therein[.]" *Wood v. Wood*, 283 Ga. 8, 10 (3) (655 SE2d 611) (2008). See also *Mallard v. Maller*, 297 Ga. 274 (773 SE2d 274) (2015) ("an equitable division of property does not necessarily mean an equal division, but rather a fair one"). The trial court enjoys broad discretion in making such a ruling. Id. Finally,

> in the appellate review of a bench trial, we will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses. But when a question of law is at issue, we review the trial court's decision de novo.

(Citation and footnote omitted.) *Spruell v. Spruell*, 356 Ga. App. 722, 724 (848 SE2d 896) (2020). Keeping these principles in mind, we turn to Wife's enumerations of error.

1. Wife argues that the trial court failed to divide the marital estate equitably because it did not make an explicit finding of fact as to the valuation of the CFI business that it awarded solely to her but instead only made a finding as to the "excess cash" found in the business. Wife's argument is unavailing because there is no requirement for the trial court to have made such a finding, and we see no error in the trial court's award of the business. In a divorce case, although

> each spouse is entitled to an allocation of marital property based upon his or her equitable interest therein, an award is not erroneous simply because one party receives a seemingly greater share of the marital property. [And,] [t]he trial court's division of marital property will be upheld so long as it falls within the court's broad discretion.

(Citations omitted.) *Driver v. Driver*, 292 Ga. App. 800, 801-802 (2) (741 SE2d 631) (2013). Here, we see no "error in the trial court's failure to make a precise finding of the total value of the [CFI business] before determining an equitable division" of the business and its excess cash. Id. at 801 (2). Our "review of the record reveals the matters about which Wife complains were the subject of conflicting evidence," and "[b]ecause the record does not show that the trial court's conclusions reflected in its

distribution of marital property were clearly erroneous, we will not disturb them."

(Citation omitted.) *Frazier v. Frazier,* 280 GA. 687, 690 (4) (631 SE2d 666) (2006).

2. Wife argues that the trial court erred when it ordered her to pay Husband a $125,000 lump sum. We find no error.

In the divorce decree—under the subheading titled "Equitable Division: Lump Sum Payment"—the trial court ordered Wife to pay a "lump sum" of $125,000 to Husband before June 21, 2023. The order does not specify which of Wife's accounts these funds are to be awarded from and, despite Wife's contentions to the contrary, does not require that this payment come from the proceeds of CFI's Small Business Administration ("SBA") loan. Although the trial court commented at the hearing on the excess cash in the CFI account, the written divorce decree makes no mention of those funds when awarding the lump sum to husband.[1] Further, we cannot view the trial court's comment in isolation, ignoring the division of the remaining assets. Here, the trial court's written ruling painstakingly divides the parties' assets and orders a

[1] See *Mondy v. Magnolia Advanced Materials, Inc.*, 303 Ga. 764, 772 (4) (b) (815 SE2d 70) (2018) ("[U]ntil an oral pronouncement is memorialized, the trial judge has broad discretion to amend, alter, or completely change his decision, and any discrepancy between the oral pronouncement and the written ruling will be resolved in favor of the written ruling").

lump sum payment to Husband as part of this division. That ruling makes no reference as to where Wife was to obtain the funds to pay the lump sum, and there is certainly no mention of any obligation to obtain those funds from the proceeds of a prior SBA loan. The trial court's lump sum award was within its broad discretion as the trier of fact, and we find no abuse of that discretion in this case. See *Zekser v. Zekser*, 293 Ga. 366, 368 (1) (744 SE2d 698) (2013).

3. Wife argues that the trial court erred in awarding the marital residence to Husband without requiring him to refinance the mortgage under his own name. Wife maintains that this creates an impermissible indefinite obligation that harms her credit. We find no abuse of discretion.

Although a trial court can order that certain events happen *after* the finalization of a divorce decree as part of its order, it may not indefinitely extend a party's obligation relating to the equitable division of property. See *Arthur v. Arthur*, 293 Ga. 63 (743 SE2d 420) (2013).[2] In *Arthur,* supra, for example, the wife was awarded the marital home and was ordered to pay the husband $20,000 as his share of the marital

---

[2] See also *Dupree v. Dupree*, 287 Ga. 319, 322 (4) (695 SE2d 628) (2010) ("A divorce decree must finalize the process by which marital property will be equitably divided, but that process need not and often cannot feasibly be completed until after the decree is entered").

assets but only upon refinancing or selling the home, and the decree provided no specific time within which she was required to sell or refinance. *Arthur v. Arthur*, 293 Ga. 63, 63 (743 SE2d 420) (2013). Our Supreme Court held that the absence of a timeframe for the payment rendered the obligation indefinite and that "[a]n obligation of a party relating to the equitable division of property may not be extended for an indefinite period of time." Id. at 67 (2)(b). It accordingly reversed that portion of the judgment "provid[ing] an indefinite period of time for the Wife to pay Husband $20,000." Id.

Here, the trial court awarded the marital residence to Husband but did not require him to refinance the mortgage under his own name despite the mortgage maturity date in 2042 (nineteen years after the final decree). Whether or not extending this obligation for nineteen years was the best idea under all of the circumstances is not the question before us. The sole question before us is not whether we would have reached the same decision as the trial judge had we been sitting in his seat but rather whether the trial judge abused his discretion by imposing an allegedly indefinite obligation with respect to the mortgage. We find no indefinite obligation here and no abuse of discretion. Unlike the situation in *Arthur, supra*, keeping this mortgage in

Wife's name and requiring Husband to pay it pursuant to its terms does not impose an indefinite obligation on either Husband or Wife but instead imposes an obligation that carries with it a clear directive with a finite (albeit lengthy) duration. It was for the trial court, as the factfinder, to make this decision based on all of the circumstances presented to it, and we find no abuse of discretion. See e.g., *Mathis*, 281 Ga. 865, 866 (642 SE2d 832) (2007).

4. Wife argues that the trial court erred when it granted Husband's motion to compel her to produce a variety of documents and ordering her to pay Husband $9,000 in attorney fees pursuant to OCGA § 9-11-37. "[A] trial court has broad discretion to control discovery, including the imposition of sanctions, and this Court will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion."(Citation and punctuation omitted.) *Anglin v. Smith*, 346 Ga. App. 456, 462 (2) (816 SE2d 426) (2018).

Wife correctly argues that the trial court's order erroneously required her to produce discovery that had not been requested by Husband's original discovery requests and other discovery that was not sought in his motion to compel. While the trial court has broad discretion to control discovery, this discretion does not extend

to ordering the production of documents that have not been properly requested. In this regard, the trial court's order required Wife to produce documents not sought in Husband's original discovery requests, including documents showing use of funds for debts secured by 1816 Gateway Drive, all documents regarding non-recurring or extraordinary expenses found in financial statements, certain accounts receivable, and exhibits to agreements for the books of business purchases dated 2016, 2018 and 2019. Further, the trial court's order granting the motion to compel obligates Wife to produce discovery that Husband did not identify in his motion to compel, including bank statements from certain Chase bank accounts, documents regarding a second mortgage on the marital residence, documents regarding money owed to Wife related to purchase of her nephew's car, and a complete copy of Wife's expert's file and all information relied upon by the expert in conducting his valuation. Accordingly, we reverse the trial court's order granting the motion to compel to the extent that it compels Wife to produce documents that were not previously sought by Husband's motion to compel and to the extent it compels Wife to produce documents that were not requested by Husband's discovery requests. See *City of Griffin v. Jackson*, 239 Ga. App. 374, 378 (1) (520 SE2d 510) (1999).

In light of this finding, we vacate the trial court's award of attorney fees pursuant to OCGA § 9-11-37 and remand the case to the trial court for further consideration of the amount to be awarded, if any. See *Citibank (New York State) N. A. v. Hill*, 161 Ga. App. 186, 188 (1) (288 SE2d 258) (1982) (award of attorney fees for parties' failure to answer interrogatories was an abuse of discretion when evidence produced at the hearing showed that those interrogatories had already been answered except for those that required additional research).

*Judgment affirmed in part, reversed in part, vacated in part and case remanded. Miller, P. J., and Markle, J., concur.*